## DEXTER B. SHAW AND WIFE v. NATHANIEL NEWELL.

The defendant, being indebted on four promissory notes, one of which was barred by the statute of limitations, the promissee of said notes, exhibiting four slips of paper, said to him, " I have got the interest reckoned on those notes and written new ones and want you to sign them ;" to which the defendant replied, " I will pay you all I owe you within a year," and afterwards, being sued upon the said four notes, said of the prommissee, " she need not have sued me ; the last time I saw her I promised to pay her every cent I owed her within a year," and there being no dispute as to these facts, *held:* that the evidence was properly submitted to the jury for them to determine from all the facts, whether the new promise was meant to apply to the outlawed note as well as the others, and that the Court were right in refusing to charge the jury, that " if they could give effect to the language proved to have been used without applying it to the outlawed note, they must not so apply it."

Shaw & Wife *v.* Nowell.

Assumpsit upon a promissory note.  Plea, the statute of limitations, to which the plaintiff replied a new promise.  It appeared in evidence on the trial, that the defendant was indebted to the plaintiff's wife on four promissory notes, one of which was barred by the statute ; that the defendant, being before the house of the plaintiff, his wife came out and holding up four slips of paper, said, " I have reckoned up the interest on those notes and written new ones and want you to sign them," and that he replied, you need not be concerned, " I will pay you all I owe you within a year."  The defendant was sued before the expiration of the year on the said four notes, but that action was discontinued as to the present note.  The officer who served the writ testified, that when he made service the defendant said, " she need not have sued me, the last time I saw her, I told her I would pay her every cent I owed her within a year."  There was no dispute as to the truth of the evidence.  The defendant moved for a non-suit on the ground that there was no evidence of a new promise to pay the note declared on, or, if there were, the language being undisputed, it was for the Court to determine its effect.  But the Court thought, the words used being connected with circumstances, it was proper to submit the case to the jury.  The defendant then requested the Court to charge, first, that there was not any evidence from which the jury could infer a new promise to pay the note declared on, and, secondly, that if they could give effect to the language proved to have been used by the defendant without applying it to the note declared on, they must not by law so apply it ; both which requests the Court denied.  The jury found for the plaintiffs and the defendant moved for a new trial upon exceptions to the rulings of the Court.

*Currey* for the defendant contended,—1. Where there is no controversy about the truth of the language used, it is for the Court to determine its import.

2. When there are two classes of debts, one of which is barred, and the debtor makes a general promise to pay, the *onus* is upon the plaintiff to show that he meant to include the debt that is barred. *Whitney* v. *Bigelow,* (4 Pick. 110.) *Bailey* v. *Crane,* (21 Pick. 324.) *Clarke* v. *Dutcher,* (9 Cowen, 674.) *Stafford* v. *Bryan,* (3 Wend. 535.) *Bell* v. *Morrison,* (1 Peters, 351.)

*Weeden* for the plaintiffs

HAILE, J., delivered the opinion of the Court. The decision of this motion of the defendant for a new trial, depends upon the construction of our statute of limitations, the admissibility of the evidence for the plaintiffs submitted to the jury on the trial, and the legal effect of that evidence.

In regard to the construction of our statute of limitations, this Court have repeatedly ruled, that where the defendant pleads the statute, the plaintiff, to avoid the legal effect of such plea, must prove an express promise to pay the debt declared on, or an unqualified admission of a then subsisting debt, from which the law will raise an implied promise to pay, within six years next before the commencement of the suit.

This ruling, we apprehend, affords a sensible, practical and definite construction of the statute, which will fairly carry out its salutary provisions and its true intention to make a statute of repose, and not a law " designed merely to raise a presumption of payment of a just debt from lapse of time, but to afford security against stale demands, after the true state of the transaction may have been forgotten or be incapable of explanation, by reason of the death and removal of witnesses."

And this ruling is fully sustained by the decisions of other American Courts on the construction of similar statutes, which are entitled to the highest respect. *Bangs* v. *Hall*, (2 Pick. 368.) *Bell* v. *Morrison*, (1 Peters, 351.) *More* v. *Bank of Columbia*, (6 Peters, 86.)

If the promise be conditional, it must be shown that the condition has been performed ; and when the promise is to pay within a specified time, as in the present case, no right of action accrues to sue on the original debt, until the expiration of such time.

An acknowledgment, to take a debt out of the operation of the statute, must be an unqualified acknowledgment of a then existing debt, for if the acknowledgment be accompanied by any qualification, which shows that the defendant intends to rely on the statute or does not intend to pay, or which will rebut the presumption of a promise to pay, it will not be sufficient.

In the case of *Sands* v. *Geltson*, (13 Johns. 511.) Mr. Chief Justice Spencer, delivering the opinion of the Court said, " that if at the time of the acknowledgment of the existence of the debt, such acknowledgment is qualified in a way to repel the presumption of a promise to pay, it will not be evidence of a promise sufficient to revive the debt and take it out of the statute." The promise must be clear, definite and unqualified, and must also be satisfactorily shown to relate to the debt sought to be revived. And if there be more than one debt due from the defendant at the time of the promise or acknowledgment, it must be doubtless shown to what debt or debts said promise or acknowledgment was intended to apply. *Bailey* v. *Crane*, (21 Pick. 323.)

The alleged new promise by the defendant in this case was unconditional and unqualified to pay to Phile, the wife of the plaintiff, all that the defendant then owed her

36

within a year. At that time said Phile held against the defendant his four promissory notes by him given to her before her marriage with the plaintiff. Three of these notes bore date within six years of that time, and the other note, now in controversy in this action, was dated June 23, 1839, payable on demand.

But we are not confined to the simple promise of the defendant, that he would pay said plaintiff all he owed her, from which to infer his meaning. This declaration was accompanied by facts and circumstances and followed by his subsequent declaration, tending, we think, to render his promise more definite and to refer it with reasonable certainty to this note. For, as it appeared in evidence on the trial, the said plaintiff exhibited to the defendant four pieces of paper and said to him, at the same time, " I have got these notes reckoned and new ones written and want you to sign them," whereupon the defendant made to her the said promise.

Subsequently, the plaintiffs commenced a suit against the defendant on said four promissory notes, including the one upon which this action is brought, and upon the service of the writ on the 9th of July, 1851, the officer said to the defendant, " Dexter B. Shaw and wife sued you," whereupon the defendant replied, " she need not have done that, for the last time I saw her I told her I would pay her every cent I owed her within a year."

This evidence was submitted to the jury for them to determine from all these facts and circumstances, whether the defendant intended to include this note in his promise to pay said plaintiff all he owed her, and the jury were instructed that if they found from the evidence that such was the intention of the defendant, it was a sufficient promise to take this note out of the operation of the statute.

In regard to the evidence by which such intention might be found, Courts have laid down no special or definite rules, as the common and known rules of evidence may be deemed as well applicable to the proof of a new promise or acknowledgment, as to the proof of any other fact. And it has been held, that whether the declaration of the defendant referred to the debt in suit or to some other, was a fact to be tried by the jury, and that they were at liberty to infer the fact from the circumstances proved. *Whitney* v. *Bigelow*, (4 Pick. 110.)

But it was contended for the defendant, that as the testimony for the plaintiff was not · contradicted, it was the duty of the Court to declare the legal effect of that testimony. But it seemed to us sufficient for the Court to instruct the jury, what was the law upon the evidence and to leave it to them, as the more appropriate tribunal, to weigh the evidence and to infer the intent and applicability of the defendant's promise, from all the facts. and circumstances taken in connection with the declaration.

It was held by the Supreme Court of Kentucky, in the case of *Bell* v. *Rowland's Administrators*, (Hardin, 301,) that it was competent for the Court, either to have instructed the jury as to the law of the case and then have left it with them to determine, whether an acknowledgment of the debt and a promise to pay it had been proved to have been made within the six years, or, taking the whole of the evidence on the part of the plaintiff as true and the facts sworn to by the witnesess as sufficiently proved, to instruct the jury as to the law arising upon those facts. And this decision seems to have been cited with approbation by the Supreme Court of the United States, giving their opinion in the case of *Bell* v. *Morrison*, *et al.*

Upon this view of the case, it is difficult to conceive how the jury, upon the instructions given to them by the Court, could have drawn a different inference from or have come to a different conclusion on the evidence than that manifested by their verdict. And if the Court had declared the legal effect of the evidence, taking all the testimony for the plaintiff to be true, we think the result must have been the same.

As we find therefore no error in the ruling of the Court, or in the verdict of the jury, the defendant's motion for a new trial must be overruled.