## NATHANIEL W. STACY *vs.* SIDNEY B. KEMP.

The making and delivery on a secular day of a promissory note dated and to take effect on a subsequent Lord's day is not work or labor prohibited by the statutes for the observance of the Lord's day.

A. gave to B. his promissory note for three hundred dollars, as part of the consideration of a sale previously made by B. to A., and at the time of receiving the note B. delivered to A. a writing signed by himself, as follows: "Sold this day to A. one milk route, and fixtures consisting of [here followed a schedule], for the sum of six hundred dollars. Received payment." In an action by B. against A. upon the note, *Held,* that this writing was only a bill of parcels, and that oral evidence was admissible to prove the agreement actually made between the parties.

In an action on a promissory note by the payee against the maker, the defendant may prove, in reduction of damages, damages sustained by himself by the plaintiff's act depriving him of a valuable part of the consideration of the note.

CONTRACT upon a promissory note, the making of which the defendant admitted in his answer.

At the trial in the superior court, before *Rockwell,* J., it appeared in evidence that the note bore date of a day which was the Lord's day, and was payable on demand; but there was testimony tending to show that it was made and given to the plaintiff on a previous secular day. The defendant thereupon asked the judge to rule that if it was delivered on such a previous day, under an agreement that it should be dated and take effect upon a subsequent Lord's day, it was void; but the judge ruled to the contrary.

It further appeared in evidence that the defendant was about to go into the business of peddling milk in Holyoke, and bought of one Cleveland, who held himself out as acting for the plaintiff, a lot of personal property and a milk route, agreeing to pay to the plaintiff six hundred dollars therefor, and did pay three

hundred dollars in cash, and gave his note for the balance, which is the note in suit; and that, at the time of paying the money and giving the note, the plaintiff gave to him a writing in the following words : " Holyoke, June 23, 1866. Sold this day to S. B. Kemp one milk route and fixtures, consisting of one buckskin colored horse, one covered milk cart, one open milk sleigh, two harnesses, two buffalo robes, one horse-blanket, one halter, one surcingle, thirty milk cans more or less, one rack for hanging cans, for the sum of six hundred dollars. Received payment, (Signed) N. W. Stacy."

The defendant then offered to prove that Cleveland was the real owner of the property sold and of the note in suit; that the use of the plaintiff's name in the transaction was to guard it against Cleveland's creditors; and that, at the time the bargain was made, and as part of the same, and for the same consideration of six hundred dollars, Cleveland agreed orally, with the consent and knowledge of the plaintiff, not to peddle milk in Holyoke while the defendant should continue in that business there; but that, in violation of this agreement, Cleveland had continued to peddle milk over the same route, greatly injuring the defendant's business thereby; but the judge ruled that evidence of this agreement was inadmissible. The defendant then offered to prove that, by the plaintiff's act through Cleveland, the milk route described in the writing executed by the plaintiff had been rendered valueless to him, and that Cleveland, by the authority of the plaintiff, influenced the customers on the route not to buy milk of the defendant, but of himself; but the judge ruled that such evidence was incompetent.

A verdict was found for the plaintiff; and the defendant alleged exceptions.

*G. M. Stearns,* for the defendant.

*W. B. C. Pearsons,* for the plaintiff.

CHAPMAN, J. 1. The defendant does not deny that evidence was admissible to show that, though the note bears date on a Lord's day, it was made and given to the plaintiff on a previous day. This fact being established, it appears that the note was given without a violation of the Lord's day by either party If

there was any violation connected with the note, it must have been by the silent operation of a legal principle, resulting from the date of the note. It cannot be seriously contended that this was work or labor within the statute.

2. The writing offered in evidence was a mere bill of parcels, and oral evidence was admissible to prove the agreement which was actually made between the parties. *Hazard* v. *Loring*, 10 Cush. 267. *Hildreth* v. *O'Brien*, 10 Allen, 104. The case differs from *Bassett* v. *Percival*, 5 Allen, 345, where there was a formal bill of sale.

It was competent to the defendant to prove that the note was given as well in consideration of a sale of the good will of the milk route, and an agreement not to go into business which should interfere with it, as of a sale of the articles enumerated in the bill of parcels. Agreements of this character are valid, and are often specifically enforced in equity by injunction, and at law by actions for damages. Evidence that the plaintiff has interfered with the route in the manner stated, would tend to show that he has deprived the defendant of a part of the consideration for which the note is given. It was formerly held that such damages must be recovered by a cross-action, and could not be proved and allowed in defence of an action on the note, by way of *recoupment*. But the doctrine of *recoupment* of damages was fully established in this court, in *Harrington* v. *Stratton*, 22 Pick. 510. See *Burnett* v. *Smith*, 4 Gray, 50. It has since been applied in numerous cases, and was already well established in New York. It is an equitable set-off of damages which ought to be deducted from the plaintiff's demand, and for the recovery of which the defendant ought not to be turned round to a cross action. The court are of opinion that it should be applied to a case like the present, where the plaintiff has deprived the defendant of a valuable part of the consideration of the note in suit, if the facts which were alleged shall be proved.

The first exception must be overruled; and the second sustained.