## NATHANIEL P. HILL v. ISAAC H. SOUTHWICK.

A promissory note, and an agreement which is the consideration for the note, are not such independent contracts that the breach of the one cannot be set up by way of recoupment to the other.

In an action upon a promissory note, the consideration of which was an agreement signed by the plaintiff, to convey to the defendant, on or before January 1st, 1866, twenty five hundred dollars of the capital stock of the King Gold Mining Company, at subscription price, it was *held*, that the defendant might defend against the action by showing that no transfer or tender of the said stock was made to him until after August, 1866, and might recoupe his damages arising from the plaintiff's failure to perform his agreement.

MOTION by the defendant for a new trial of an action of assumpsit, to recover the amount of a promissory note for $2,500, and interest, made by him. The facts of the case, as well as the grounds of the motion, are sufficiently stated in the opinion of the court.

*Gardner* for the motion.

*Thurston, Ripley & Co.*, for the plaintiff, opposed the motion, and cited the following authorities to sustain the following named propositions:—

A mere preponderance of proof, on the part of the defendant, would not be a sufficient ground for a new trial. *Bloomer* v. *Crans*, 24 Ill., 48; *Coddington* v. *Cambry*, 2 Hilton, (N. Y. C. P.) 528; *Branch* v. *Devine*, 18 Texas, 611.

The mere fact that testimony is introduced to contradict the plaintiff, is not sufficient to sustain a motion for a new trial, even though the preponderance of proof should be in favor of the defendant. *Rogers* v. *Lewis*, 19 Ind., 405; *Chapman* v. *Reed*, 18 Ib. 272; *Wetherold* v. *Utter*, Ib. 479; *Bromley* v. *People*, 27 Ill., 20.

When a case has been twice before a jury, and both trials result in a verdict for the same party, the court will not disturb the verdict because there is a conflict of evidence. *Gibson* v. *Hill*, 23 Texas, 77.

DURFEE, J. This action was commenced January 28, 1867, and has been twice tried to the jury with verdicts for the plaintiff. The defendant moves for a new trial, one ground of the motion being that the verdict was against the evidence and the weight thereof. We have already expressed an opinion against the motion on this ground, and also upon some of the reasons assigned under the second ground. A second ground for the motion is the discovery of new and material evidence since the last trial, and the defendant having removed by his affidavit an objection which we previously regarded as fatal to the motion on this ground, we will now proceed to dispose of this part of his motion.

The action was brought upon the defendant's promissory note for $2,500 bearing date of May 23, 1865, payable on demand at bank with interest. The plaintiff claims that the consideration of the note was the following agreement, to wit:—

" In consideration of the payment to me by Isaac H. Southwick of twenty five hundred dollars, the receipt whereof is hereby acknowledged, I agree to transfer or convey to the said Isaac H. Southwick, on or before January 1st, 1866, twenty-five hundred dollars of the capital stock of the King Gold Mining Co., at subscription price.

"Providence, May 23, 1865.

      (Signed,)                 " N. P. HILL."

No transfer or tender of the stock was made to the defendant until after August, 1866. The paper containing the above agreement was not produced at the trial—the defendant having failed, though he searched, to find the same. He has found the paper since the trial, and he now contends that if he could have had it at the trial, it would have enabled him to defend against the action by showing that the plaintiff had failed to perform his agreement. The defendant makes affidavit to the effect, that until the paper was found by him after the trial, he had either never observed the stipulation in regard to the time, or if so, it had made no distinct impression on his mind.

The plaintiff, without admitting the defendant's right to a new trial in any view, contends that he could not, even if the new trial were granted, make the proposed defence, because the note and the agreement are independent contracts ; and, that, therefore, his right to recover on the note, would not be affected by his failure to transfer the stock within the stipulated time.

We have, however, come to the conclusion, that, if this stipulation was not waived, the defendant would be entitled, by way of reduction or *recoupment*, to diminish the amount recoverable on the note to the extent of the loss which he sustained by the plaintiff's failure to perform his agreement.

The doctrine of *recoupment* rests on the equitable principle that the defendant shall be allowed to diminish or defeat the plaintiff's claim by a claim of his own, where both claims grow out of the same contract or transaction. 2 Parsons on Contracts, (5th ed.) 740, 741 and notes.

In *Batteman* v. *Pierce*, 3 Hill, 171, 174, the court say :  " For the purpose of avoiding circuity or the multiplication of actions, and doing complete justice to both parties, they are allowed— and compelled, if the defendant so elect—to adjust all their claims, growing out of the same contract, in one action."  In that case, the action was upon a promissory note given by the defendants for several lots of wood purchased of the plaintiff. The defendants were at liberty to cut the wood and pile it on the land to dry, and were to have two seasons, that is to say, two winters and one summer, to take away the wood. The plaintiff owned a piece of fallow ground adjoining the wood, and agreed at the sale to guaranty the purchasers against any damage to the wood in consequence of burning his fallow. The defendants cut and piled the wood they purchased. The next spring after the sale, the plaintiff set fire to and burned his fallow, and all the defendant's wood was burned up. The evidence of these facts having been struck out on the ground that it constituted no defence or answer to an action on the note, the Supreme Court, on exceptions, granted a new trial, on the ground that the defendants might *recoupe* their damages arising from the loss of the wood. We see no reason why a *recoup-*

*ment* may not be as properly allowed in the case at bar as in the case cited. And see *Ives* v. *Van Epps*, 22 Wend. 155; *Reab* v. *McAllister*, 8 Wend. 109, and 4 Ib. 483; *Spalding* v. *Vandercook*, 2 Wend. 431; *Harrington* v. *Stratton*, 22 Pick. 510; *Stacey* v. *Kemp*, 97 Mass. 166; *Perley* v. *Balch*, 23 Pick. 283.

This case does not commend itself very strongly to our favorable consideration; for we find it difficult to believe that the defendant can have failed to find opportunity to make the defence which he proposes, in both the trials, without some fault or negligence on his part. But, the plaintiff being now a resident of Colorado, it may be that a refusal to grant a new trial will practically result in his losing the benefit of his remedy by cross action on the agreement. We therefore, though with much hesitation, grant him a new trial, subject to the following terms, to wit. : The defendant shall pay the plaintiff's costs remaining unpaid up to the present time, and shall not, in any event, recover said costs, or any costs which he has paid; he shall pay the plaintiff $200 for his expenses in coming to attend the trial and returning again; these payments to be made on or before the first day of next term; and the defendant's liability on the note being admitted, the new trial shall be confined to the questions of the plaintiff's liability for the non-fulfilment of his agreement to transfer the stock, and the amount of the damages ensuing therefrom to the defendant, to be allowed in diminution of the amount to be recovered by the plaintiff on his note; and that neither party recover costs on this motion.

*New trial granted.*