MEYER & STRATMAN

v.

MADISON T. STOOKEY, Adm'r.

</div>

1. SURETY—RIGHT TO RECOUP DAMAGES SUSTAINED BY HIS PRINCIPAL.—A surety may recoup for any damages arising out of the same subject matter, to the same extent as the principal might if he were sued alone.

2. DAMAGES IN RECOUPMENT.—The evidence failing to show any data by which the jury could arrive at the amount of the damages sustained, the verdict should have been set aside. Only actual damages can be allowed in recoupment, and these must be proved.

APPEAL from the Circuit Court of St. Clair county; the Hon. WILLIAM H. SNYDER, Judge, presiding.

Mr. CHARLES W. THOMAS and Mr. HENRY A. McGINDLEY, for appellant; against the right of the surety to set off damages arising in favor of his principal, cited Henderson v. Lewis, 9 Serg. & Rawle, 379; LaFarge v. Hasley, 4 Abbott, 397; Waterman on Set-Off, 294.

The opinion of the witness as to amount of damages is not sufficient: Sedgewick on Measure of Damages, 693.

Messrs. G. & G. A. Koerner and Mr. R. A. Halbert, for appellee; that the surety, when sued, can recoup damages occasioned to his principal, cited Waterman v. Clark, 76 Ill. 428; Hardy v. Wadsworth, 8 Mich. 350; Hinerod v. Baugh, 85 Ill. 435.

A court of probate, in the allowance of claims, is a court of equity, and equitable defenses may be set up: Moore v. Rogers, 19 Ill. 347; Dixon v. Buell, 21 Ill. 203; People v. Harrison, 82 Ill. 84; Garvin v. Stewart, 59 Ill. 229.

Allen, J. This was an appeal from the County Court of St. Clair county to the Circuit Court, on a claim of appellants for $2,431.60, allowed by that court. Defendant, as administrator, resisted the allowance of the claim, upon the ground that Geo. W. Stookey, deceased, was only a surety on the notes filed for allowance. That James H. Wyatt was the principal. That the notes had been given in part payment of a livery stable, purchased of appellants in East St. Louis. That at the time of the purchase plaintiff in error gave to Wyatt a bond not to carry on the livery business in East St. Louis for three years. That the giving of this bond was a part of the transaction, and formed a part of the consideration of the notes; and that plaintiffs in error had, in violation of the condition of the bond, engaged in the livery business, to the damage of Wyatt, the principal in the notes. And defendant sought to set up the damages Wyatt had sustained by way of recoupment against the notes upon which the allowance in the County Court was made. A trial was had in the Circuit Court, which resulted in a verdict for defendant. It is insisted by plaintiffs that Stookey could not recoup any damages that Wyatt had sustained by reason of a breach of the conditions of plaintiffs' bond to Wyatt. We believe the law is otherwise, and that a surety may recoup for any damages arising out of the same subject matter, to the same extent as the principal might if he were sued alone. Waterman v. Clark, 76 Ill. 431; Hinerod v.

Baugh, 85 Ill. 435; and in Hardy v. Wadsworth, 8 Michigan, the same doctrine is held. But we are unable to perceive in this record evidence to support the finding of the jury. The evidence does show that plaintiffs violated the condition of their bond to Wyatt by engaging to some extent in the livery business, but there are no data in the evidence by which the jury could arrive at the amount of the damages. How much he was damaged by their furnishing livery for funerals, or for any other purpose, does not appear from the testimony of any witness.

It is true that Wyatt testifies that he was damaged six or seven thousand dollars by the conduct of plaintiff, but he gives no facts or circumstances upon which the jury could arrive at the correctness of his conclusions. This is too vague and uncertain to warrant a jury in finding that he had been damaged to the extent of $2,431.60, or any other particular sum. And as this is not a case in which exemplary or punitive damages could be allowed at all, but only actual damages, juries are not allowed to enter the field of speculation in arriving at their verdict. We think it was error for the court to refuse to set aside the verdict and grant the parties a new trial. In this view of the case we do not stop to examine the points made in the instruction given or refused.

The judgment of the Circuit Court is reversed and the cause remanded.

<div align="right">Reversed and remanded.</div>