S. BARTON STRANG, APPELLANT, v. W. B. MURPHY, APPELLEE.

1. RIGHT OF PARTNERSHIP TO DEFEND SUIT AGAINST ONE PARTNER. —A promissory note executed by one member of a partnership firm, consisting of two members, in part payment of horses purchased for the firm is a partnership debt, and suit being brought thereon by the payee, who made the sale and knew the facts, it was error to deny an application of the partnership firm to join the other partner as defendant, in order that the firm might assert its right to recoup damages alleged to have been sustained by it in the purchase of the animals.

2. STATUTORY RIGHT OF RECOUPMENT.—The statutory requirement that all matters of difference growing out of the same transaction

be adjudicated in one action is not defeated by the giving and accepting of the individual note of one partner, as evidence of a partnership debt, when suit is brought thereon by the payee and the firm applies for leave to defend and offset its damages growing out of the transaction for which the note was given.

*Appeal from District Court of Arapahoe County.*

Messrs. WALDRON & HILLHOUSE, for appellant.

REED, J.   In May, 1887, the firm of Strang Bros., consisting of two persons, of which appellant was a member, bought from appellee six large mares for the sum of $1,500.  The purchase was made for the firm in the city of Denver by the appellant, payment was made for the horses in cash, except the sum of $400, for which appellant gave his individual note, the following being a copy: ·

"$400.                    DENVER, Colo., May 11, 1887.

"Ninety days after date I promise to pay to the order of W. B. Murphy four hundred dollars, at the Colorado National Bank of Denver, with interest at 10 per cent per annum from date until paid.

"Value received.

"Non-negotiable.               S. BARTON STRANG."

At the time the following bill of sale and warranty was made by appellee and delivered:

"DENVER, Colo., May 11, 1887.

"Received from Strang Bros., by S. B. Strang, fifteen hundred dollars in payment for one span black Norman mares, (2780 pounds); one span large bay mares; one span large bay mares, one-half breed Clyde.  These mares are guaranteed sound in every respect, and Strang Bros. are guaranteed against loss from any sickness affecting the mares at date hereof.                    W. B. MURPHY."

It is alleged and tacitly conceded that within a few days, one, a very valuable mare, of the value of $450, died from effects of disease existing at the time of the sale.  In May, 1890, appellee brought suit upon the note.  The defendant

set up the above facts in answer, and the loss sustained by
the death of the mare, as a set-off, and by further answer
and cross-complaint defendant, after stating the facts above
mentioned, set up the partnership, the purchase of the mares
as a partnership purchase, the making of the note individu-
ally for the partnership debt, the knowledge of the fact by
the plaintiff, the non-residence of the plaintiff, etc., praying
that Francis L. Strang, the other partner, be allowed to be-
come a party to the suit in the cross-action, and that the
firm might recoup the damages sustained by the breach of
warranty.   Francis L. Strang joined in the cross-complaint,
verified it, and asked to be made a party.   The court refused
the motion.   On motion of plaintiff a part of the answer was
stricken out, and judgment entered as prayed in the com-
plaint.   No evidence was introduced.

This appeal was taken, and the judgment of the court in
refusing to allow F. L. Strang to become a party and to re-
coup the damages sustained by the firm is assigned for error.
The purchase was made by the firm; the indebtedness evi-
denced by the note of appellant was a partnership indebted-
ness.   These facts were known by appellee at the time of
the transaction, and such knowledge is evidenced by the
bill of sale and warranty executed by him.   The promissory
note of the individual partner, though accepted by appellee,
was only evidence of the partnership indebtedness.   He
could, had the solvency of the maker been doubtful, have
set up the facts, sued the firm, and recovered against the
firm upon the original consideration, regardless of the note.
There was but one transaction.   We think the refusal to
allow the other partner to become a party, and the refusal
to allow the firm to recoup its damages as asked in the cross-
complaint were errors.

In 2 Pars. on Con. (5th ed.) 740, 741, and notes, the general
doctrine is stated to be, that the doctrine of recoupment rests
on the equitable principle that the defendant shall be allowed
to diminish or defeat the plaintiffs by a claim of his own,

where both claims grow out of the same contract or transaction.

In *Bateman v. Pierce*, 3 Hill (N. Y.) 171, it is said : " For the purposes of avoiding circuity, or the multiplication of actions, and doing complete justice to both parties, they are allowed and compelled, if the defendant so elect, to adjust all their claims growing out of the same contract in one action." See also *Hill v. Southwick*, 9 R. I. 299; *Ives v. Van Epps*, 22 Wend. 155; *Harrington v. Stratton*, 22 Pick. 510; *Perley v. Balch*, 23 Pick. 283; *Stacey v. Kump*, 97 Mass. 166.

This was the doctrine of recoupment under the practice at common law. In our supposed enlightened system of code procedure, when all matters of difference, whether legal or equitable, growing out of the same transaction are expected and required to be adjudicated and adjusted in one action, the only question should be whether the damages sought to be recovered were a part of or grew out of the same transaction in which the indebtedness was contracted.

The incident of the giving and accepting of the individual note of one partner as the evidence of the partnership indebtedness of the firm in the purchase of property, admittedly purchased by the firm, should not preclude the offsetting of damages in the transaction.

By sec. 16 of the civil code, it is provided: " When a complete determination of the controversy cannot be had without the presence of other parties, the court shall order them to be brought in."

Sec. 17 is as follows : " When, in a civil action, a person not a party thereto, but having an interest in the subject thereof, makes application to the court to be made a party, it may order him to be brought in, and upon due service upon the adverse party of his complaint or answer, the same proceedings shall be had as if he had been an original party to the action."

The action was brought by the payee in the note, which was made non-negotiable, probably to protect the firm in

case of loss covered by the warranty. Had the note been made negotiable and had passed into other hands, no such question could have arisen.

It is perhaps unnecessary to say, that had the note been made as evidence of an individual indebtedness of the maker, the right of the firm of which he was a member to recoup the claim is more than doubtful, when the two claims originated in separate transactions. But in this case the counterclaim originating in and being part of the same transaction, we think the court erred in refusing to make F. L. Strang a party, and in refusing the right to prosecute the counterclaim and recoup any damages that might have been found to the extent of the amount due upon the note; but it is very doubtful, under the authorities, if any excess of loss over plaintiff's demand could be made a basis for a judgment against the plaintiff in the same proceeding. Public policy, reason, as well as equity, required that all matters pertaining to the transaction should be adjudicated at the same time. Regarding the individual note, as pleaded and conceded to have been but the evidence of a partnership indebtedness where the consideration went to the firm, we have no trouble in arriving at the conclusion stated. To compel its payment and leave the firm to prosecute a separate action in a foreign tribunal, where the result would be doubtful, would be clearly inequitable and not in harmony with our view of the law and practice.

The judgment of the district court is reversed and the cause remanded for a new trial.

*Reversed.*