# Merchants Bank *v.* Acme Lumber & Mfg. Co.

## *Assumpsit.*

(Decided May 24, 1909.   49 South. 782.)

1. *Set-off and Counter Claim; Nature of Remedy; Difference Between Set-off and Recoupment.*—Set-off is a statutory remedy in the nature of a cross action permitting a defendant to set off distinct demands and recover judgment over if his claim exceeds plaintiffs; recoupment is the common law remedy by which a defendant may reduce a plaintiff's claim by any loss or damage caused defendant by plaintiff's breach of the contract sued on, which has been modified by the statute, (Section 5865, Code 1907) so as to allow a judgment for defendant, if his claim exceeds plaintiff's demand; but in other respects, the distinction between the two remedies is not otherwise affected.

2. *Same; Recoupment by Surety.*—Where the action is against the defendant for the value of materials furnished another to be used in the erection of a building for the defendant, for which materials defendant agree to be liable, the defendant could recoup any damages the other sustained by reason of plaintiff's delay in delivering material, etc., and of defects in the material delivered, if defendant has the consent of such third person.

3. *Evidence; Motive.*—Where the action was for the price of lumber for which the defendant agreed to pay, and the defense was recoupment for delay in delivery, etc., it was not competent for an officer of the plaintiff to testify as to why his company stopped sending the lumber to defendant.

4. *Appeal and Error; Harmless Error.*—Error in permitting an officer of plaintiff to testify as to why his company stopped the delivery of lumber to the defendant, is not cured or rendered harmless by the subsequent introduction of a letter which had no reference to the stopping of the delivery of the lumber.

5. *Pleading; Issue; Evidence.*—Where a demurrer is sustained to a plea raising a certain issue, it is proper not to allow evidence to be introduced in support of such issue.

[Merchants Bank v. Acme Lumber & Mfg. Co.]

6. *Statute of Frauds; Liability of Surety.*—Where lumber was furnished to another on defendant's credit the fact that it was furnished to another would not affect the defendant's liability for the price.

7. *Corporations; Powers of Officers; Evidence of Authority.*—The fact that an assistant bank cashier had charge of the bank and represented it in all negotiations for the erection of its bank building, of which the bank subsequently took possession, was sufficient to raise a presumption of authority in him to contract for the construction of the building.

APPEAL from Lauderdale Circuit Court.

Heard before Hon. C. P. ALMON.

Action by the Acme Lumber & Manufacturing Company against the Merchants' Bank. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

The pleas referred to therein are as follows: (7) "For further plea defendant says that this suit was instituted to recover the price of certain lumber and other material alleged to have been furnished by the plaintiff to W. R. Ambrose and this defendant to be used in the erection of a building in Tuscumbia, Ala., which the said W. R. Ambrose had contracted to build according to certain plans and specifications and plans made by Breeding & Whilding, architects; that plaintiff, before the erection of said building was begun, agreed with the said W. R. Ambrose, for the consideration of $2,200, to furnish all the lumber and other materials necessary for the proper erection and construction of said building according to the said plans and specifications as the same were needed, and in sufficient time to enable the said Ambrose to complete said building on or before the 15th day of November, 1905, the time specified in the contract between the said Ambrose and this defendant for the completion of said building, which contract provided for a forfeiture of $4 per day as damages until said building was completed. Defendant avers that the plaintiff knew of said contract and the forfeiture provided therein, and

failed and refused to furnish a part of the lumber and material to be used in the erection of said building as it had agreed to do; that it delayed the delivery of a large part of the lumber and materials which it did deliver for the erection of said building for three or four months, during which time the said Ambrose was forced to suspend work on said building. And the defendant avers that by reason of the plaintiff's failure to furnish lumber and other materials as it had agreed to do the work of completing the building was suspended and delayed for nearly four months, to Ambrose's damage in the sum of $750, and the said Ambrose was damaged in the loss of a forfeiture of $4 per day during the time intervening between the 15th day of November, 1905, the time at which said building was by the terms of the contract with said Ambrose to have been completed, and the date of its completion, towit, the term of four months. Defendant avers that said Ambrose was damaged, in that Ambrose had caused a large number of carpenters and workmen to be employed to do the work of erecting said building, and that by reason of the plaintiff's failure to comply with its said contract with Ambrose the said Ambrose was forced to suspend work on said building, and was put to the trouble and expense of employing other and different carpenters and workmen to do the work of erecting the building, to his damage in the sum of $350. And defendant avers that the said Ambrose was damaged, in that a large part of the material furnished by the plaintiff was not of the character and grade provided for by the terms of the contract and the plans and specifications, and some of the material had to be removed, and other and better material put in its place, to the damage of said Ambrose in the sum of $450, all of which defendant, by consent of W. R. Ambrose, pleads in recoupment." (10) "For further plea defendant says (the

same as plea 7, except that the agreement was alleged to have been made with Ambrose and this defendant, and in the last paragraph of the plea it is alleged that some of the material furnished is not cut in the dimensions specified, and was not dressed, and could not be used; otherwise it is similar in all respects to plea 7)."

The following charge was refused to the defendant: (1) "If you believe from the evidence that the plaintiff made a proposition to W. R. Ambrose to furnish him with the material mentioned in the estimate dated June 15, 1905, and Ambrose accepted it, and the plaintiff afterwards supplied him with the material on the basis of that estimate, then I charge you that the plaintiff cannot recover from defendant anything for the material included in that estimate."

KIRK, CARMICHAEL & RATHER, for appellant.—For the difference between recoupment and set-off see.—7 Words & Phrases, 6017 and 6061; *Norton v. Sinkhorn,* 63 N. J. 313; *Mason v. Knox,* 20 Mo. 433; *Lawton v. Ricketts,* 104 Ala. 430; 13 Ala. 595; 121 Ia. 244. The right to recoup exists in favor of a surety with the consent of the principal.—25 A. & E. Ency of Law, 558; *Waterman v. Clark,* 76 Ill. 428; *Scroggins v. Holland,* 16 Mo. 419. The witness could not testify as to the reason why they stopped sending the lumber.—*Young v. Arntz,* 86 Ala. 116; *Burks v. Bragg,* 89 Ala. 204; *Baldwin v. Walker,* 91 Ala. 428. The officer was without authority to bind the bank unless the corporation afterwards ratified it.— *National Bank v. O'Neal,* 128 Ala. 196.

C. E. JORDAN, for appellee.—Code of Alabama Section 3728 provides that mutual debts existing between the parties at the commencement of the suit may be offset. A set off to be available must be owned by the defendant

in absolute right at the time the suit is brought. It is not enough that, together with another partner, the defendant owns the claim. It must be such a demand, as that he in his own name, or in the name of defendants sued, without bringing in the name of a stranger to the suit, may maintain an action thereon against the plaintiff.—*Drennen v. Gilmore Brothers,* 132 Ala. 246. The demand sought to be offset, must be such an one, as would have enabled the defendant in his own name, to have maintained thereon an independent action against the plaintiff, and such must have been its status at the time the suit was commenced.—*Drennen v. Gilmore Brothers, supra; St. L. & T. R. P. Co. v. McPeters,* 124 Ala. 455; *Lawton v. Ricketts,* 104 Ala. 430. A defendant may by different pleas raise as many separate defenses applicable to his case as he desires—but—each separate plea must show a defense of itself, and be consistent within itself.—*St. L. & Tenn. R. P. Co. v. McPeters,* 124 Ala. 455. The above rules apply equally to recoupment as to set off. By a plea of set off or recoupment, the defendant admits the validity of the plaintiffs contract, and in effect confesses the debt sued on.—*St. L. & T. R. P. Co. v. McPeters, supra.* For a plea of set off, or recoupment to be sufficient, it is necessary that it contain the same averments which would make it a good complaint if the claim sought to be set off or recouped were sued on.—*Lawton v. Ricketts, supra.* The rule in Alabama is that uncommunicated intentions or reasons—motives or purposes may not be testified to—although the rule in other states is different. Where the reason for doing what was in fact done is communicated—the rule in this state is the same as in other jurisdictions.— *McCormick & Richardson v. Joseph & Anderson,* 77 Ala. 236. The statute of frauds as a defense must be specially pleaded or it will be considered as waived, although pre

sented by the evidence.—*Espalla & H. v. Wilson S. & Co.,* 86 Ala. 487; *Lagerfelt v. McKite,* 100 Ala. 430. A charge, not asserting a correct legal proposition as applied to the evidence, should be refused.—*Martin v. Hill,* 42 Ala. 275.

SIMPSON, J.—This action was brought by the appellee against the appellant, the complaint containing the common counts on account, account stated, and for goods wares and merchandise sold to the defendant. Pleas 7 and 10 (which will be set out by the reporter) allege that the suit is instituted to recover for certain lumber furnished to defendant and one Ambrose, but they do not say how, whether as partners, or as principal and surety; but the other averments of the pleas indicate that Ambrose was engaged in constructing a building for defendant under a contract by which Ambrose was to furnish all material and complete the building by a certain date, for a definite sum, and was subject to certain forfeitures if he failed to complete the building within the time specified. The gravamen of the pleas is that the plaintiff, with full knowledge of the contract between Ambrose and defendant, failed to furnish the lumber as it agreed to do, but so delayed, and furnished such indifferent material, that Ambrose lost a considerable amount, which is set out. Demurrers were sustained to these pleas, and this action of the court is the subject of the first assignment of error insisted on.

Whatever was the exact relation between the defendant and Ambrose, it is clear that, if the defendant had made himself liable to the plaintiff at all, it was to pay the money for Ambrose. So the question arises: Can a party who has bound himself to pay money for another, when sued on the obligation, recoup the damages which the other party could, if he were sued? Set-off and re-

coupment are by no means the same defense. The former is statutory, and allows the defendant to set off distinct and separate demands which he has against the plaintiff. It is, in fact, a cross-action, and if it exceeds the amount of the claim against the defendant, he may recover judgment against the plaintiff for the overplus. The latter is not statutory, but a principle of the common law, by which the defendant may reduce the plaintiff's claim, even to the extent of cutting it out entirely, by showing that, by reason of the plaintiff not complying with the obligation resting on him by virtue of the contract or transaction sued on, loss or injury has occurred to the defendant. By pleading set-off, the defendant says to the plaintiff: It is true I owe you as you claim; but you owe me certain amounts, by independent obligations, so it is not just that you should insist on collecting from me, while I have a claim on which I could immediately sue you and recover. By pleading recoupment, the defendant says: Taking the contract between us, with all its reciprocal obligations, I owe you either much less than you claim or nothing at all.—Waterman on Set-Off, etc. (2d Ed.) p. 478, § 458; Id. p. 480, § 464; *Washington v. Timberlake,* 74 Ala. 260, 263; *Lawton v. Ricketts,* 104 Ala. 431, 435, 16 South. 59; *Grisham v. Bodman,* 111 Ala. 194, 201-203, 20 South. 514.

It is true that our statute has assimilated recoupment to set-off, in so far as to allow a judgment for the defendant, if his claim or demand exceeds that of the plaintiff; but that does not obliterate the distinction between the two. Code 1907, § 5865. From the nature of the defense, it would seem that the surety or other person who is liable to pay the debt of another should be allowed to set up this, like any other defense which is open to the principal. The question, however, is not altogether free from difficulty, owing mainly to the fact that the debtor

has the privilege of either pleading recoupment or bringing a separate action for his damages.

The courts of Illinois hold that "a surety may recoup for any damages arising out of the same subject-matter, to the same extent as the principal might if he were sued alone."—*Meyer & Stratman v. Stookey,* 3 Ill. App. 336; *Waterman v. Clark et al.,* 76 Ill. 428. To the same effect, see *McHardy v. Wadsworth,* 8 Mich. 349, 353, 354; *Scroggin et al. v. Holland,* 16 Mo. 419, 426. In a case where one partner gave his individual note for property purchased by the firm, and was sued on the note, the Supreme Court of Colorado held that the other partner could be made a party to the suit, in order to permit the firm to recoup.—*Strang v. Murphy,* 1 Colo. App. 357, 29 Pac. 298. On the other hand, the New York Court of Appeals has held that a "breach of warranty of quality of chattels cannot be set up by way of defense, recoupment, or counter-claim by the accommodation indorser of a note given for the price of the chattels, in an action against him thereon," and the reason given is that the principal has the right of election, either to recoup or to bring his separate action for the damages, and no one else can make that election for him.—*Gillespie v. Torrance,* 25 N. Y. 306, 82 Am. Dec. 355, 358, and cases cited in note. The same court holds that, when the principal and surety are sued together, the principal may recoup, and it will inure to the benefit of the surety, though the latter could not, if sued alone, avail himself of the defense.—*Springer v. Dwyer,* 50 N. Y. 19, 22.

In the pleas now under consideration it is alleged that the plea of recoupment is interposed by consent of Ambrose. That being the case, it seems to obviate the only objection that has been urged; the principal himself having made the election. Hence the pleas are good, and the court erred in sustaining the demurrer to them.

Under the repeated decisions of this court, it was error to allow the witness Richardson to testify as to why he stopped sending lumber to the defendant.—*Baldwin v. Walker*, 91 Ala. 428, 8 South. 364; *Burks v. Bragg*, 89 Ala. 204, 7 South. 156; *Young v. Arntze*, 86 Ala. 116, 5 South. 253. This was not rendered error without injury by the introduction subsequently of the letter of September 2, 1905, as that letter does not say anything about ceasing to send lumber.

There was no error, as the pleadings stood, in refusing to allow the witness Ambrose to testify as to his damage by reason of the plaintiff's failure to furnish lumber according to contract, as the only pleas raising that issue had been demurred out, though it would have been otherwise with those pleas in.

There was no error in the refusal to give charge No. 1 requested by the defendant. The theory of the plaintiff was that the lumber was furnished to Ambrose on the promise of the defendant to pay for it, and that the credit was given to the defendant, and not to Ambrose. If this be true (and there is evidence tending to establish it), then the fact that the goods were furnished to Ambrose would not affect the defendant's liability. It is true that the complaint is not as clear as it might be to cover this liability; but it may be covered by the general allegations of account.

The statute of frauds is not pleaded in this case, nor is there any plea specially denying the authority of Elliott to make the contract for the bank; but it is insisted by appellant that plaintiff should not be allowed to recover, because, without special proof of authority in any other officer, a corporation can be bound only by the act of its governing body. Elliott was shown to be the assistant cashier, in charge of the bank, and all the transactions were with him, representing the bank. The

building of a bank building is a part of the legitimate business of a bank, and it is shown by the evidence that the bank has taken possession of the building. This is sufficient to raise the presumption of Elliott's authority. —*Ala. Nat. Bank v. O'Neal,* 128 Ala. 192, 196, 29 South. 688.

The judgment of the court is reversed, and the cause remanded.

Reversed and remanded.

DOWDELL, C. J., and McCLELLAN and MAYFIELD, J., concur.