Kathy DALO

v.

Judy THALMANN et al.

No. 2003–403–Appeal.

Supreme Court of Rhode Island.

July 13, 2005.

Donald R. Lembo, Esq., North Providence, for Plaintiff.

Thomas E. Hefner, Esq., Cumberland, for Defendant.

Present: WILLIAMS, C.J., GOLDBERG, FLAHERTY, SUTTELL, and ROBINSON, JJ.

## OPINION

PER CURIAM.

This case came before the Supreme Court on May 10, 2005, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not summarily be decided. After hearing arguments of counsel and reviewing the memoranda submitted by the parties, we are satisfied that cause has not been shown. Accordingly, we shall decide the appeal at this time. We affirm in part and reverse in part.

On February 18, 1991, defendants, Mark Stepanian (Stepanian) and Judy Thalmann (defendant or Thalmann), then husband and wife, executed a promissory note (note) payable to plaintiff, Kathy Dalo (plaintiff or Dalo), for $20,000, plus 7 percent interest.[1] The terms of this note required Stepanian and Thalmann to make ninety-six monthly payments to plaintiff and expressly provided that Stepanian and defendant were jointly and severally liable for repayment of the note.

On January 17, 2001, plaintiff commenced an action in Superior Court alleging that the now-divorced Stepanian and Thalmann defaulted on the promissory note. On April 30, 2001, plaintiff obtained a default judgment against Stepanian for $27,131.98. The case proceeded against Thalmann.

The plaintiff then moved for summary judgment against Thalmann, and that motion was heard in the Superior Court on October 16, 2001. Although defendant objected to plaintiff's motion for summary judgment, the only evidence presented to support the objection was defendant's own affidavit (affidavit) and the Family Court judgment dissolving Stepanian and Dalo's marriage. The hearing justice granted summary judgment on liability and continued the case for a hearing on the issue of money damages.

On December 3, 2001, plaintiff filed a motion requesting a jury trial. On December 11, 2001, Thalmann and Dalo, by stipulation, demanded a jury trial, and the case was assigned to the continuous jury trial calendar.

On March 18, 2003, the Superior Court, sitting without a jury, heard plaintiff's oral proof of claim and motion to attach defen-

---

1. Dalo and Stepanian are cousins; Dalo's counsel admitted at oral argument that his client is proceeding against defendant but not her cousin, and indeed, Dalo's lawyer represents Stepanian in related Family Court proceedings.

dant's real estate (hearing on damages). The trial justice, over defendant's objection, admitted an amortization schedule as a full exhibit. The trial justice entered judgment in favor of plaintiff for $25,904.60, which took into account an interest rate of 7 percent per annum, plus statutory interest of $183, and he denied plaintiff's motion for the issuance of a writ of attachment against defendant.[2] The defendant timely appealed.

On appeal, defendant argues that the hearing justice erred by granting partial summary judgment to plaintiff and that the trial justice erred by denying her a jury trial on the issue of damages, admitting the amortization schedule as a full exhibit, and incorrectly calculating damages by using an interest rate of 7 percent per annum when the note called for 7 percent interest payable over eight years.

### Summary Judgment

▉ The defendant argues that the hearing justice erred by entering partial summary judgment on the issue of liability.[3] When reviewing a grant of summary judgment on appeal, we conduct a *de novo* review and employ "[t]he same standards applicable to the trial justice." *Town of Cumberland v. Rhode Island Interlocal Risk Management Trust, Inc.*, 860 A.2d 1210, 1214 (R.I.2004). "Accordingly, we will affirm a summary judgment if, after reviewing the admissible evidence in the light most favorable to the nonmoving party, we conclude that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law." *Id.* (quoting *Rotelli v. Catanzaro*, 686 A.2d 91, 93 (R.I.1996)). "[A] party who opposes a motion for summary judgment carries the burden of proving by competent evidence the existence of a disputed material issue of fact and cannot rest on allegations or denials in the pleadings or on conclusions or legal opinions." *United Lending Corp. v. City of Providence*, 827 A.2d 626, 631 (R.I.2003) (quoting *Accent Store Design, Inc. v. Marathon House, Inc.*, 674 A.2d 1223, 1225 (R.I. 1996)).

▉ The defendant argues that the hearing justice erred in granting summary judgment without addressing defendant's allegation of duress and by failing to determine the capacity—whether as a maker, guarantor, or accommodation party—in which defendant executed the note.

We conclude that defendant did not carry her "burden of proving by competent evidence the existence of a disputed material issue of fact" and that the hearing justice properly granted summary judgment in favor of plaintiff. In her affidavit, defendant admits that she signed the note, but makes only the bare assertion that "I signed this promissory note under duress from Mark Stepanian." However, defen-

---

2. The trial justice entered only $183 in statutory interest to account for the $183 of statutory interest entered in the default judgment against Stepanian. The trial justice decided:
 "[I]t would be inequitable to attribute statutory interest from the time of the expiration of the note to the present against this defendant when the other defendant[, Stepanian,] who did nothing, who was defaulted without even entering the case by virtue of his lack of interest[,] should benefit and only have * * * $183 of statutory interest attributed to him."

3. The issue of liability, although determined by summary judgment pursuant to Rule 56(c) of the Superior Court Rules of Civil Procedure, was not appealable until the Superior Court entered final judgment on this case. *See, e.g., Sea Fare's American Cafe, Inc. v. Brick Market Place Associates*, 787 A.2d 472, 474 (R.I.2001) (considering defendant's appeal from a grant of partial summary judgment on liability and final judgment on damages).

dant did not supply any evidence supporting her assertion of the defense of duress, such as a wrongful act or threat sufficient to defeat her free will and cause her to sign this note.[4]

Further, in her affidavit defendant stated that "[she] never received any proceeds or benefit from this loan; * * * [p]laintiff * * * never remitted to me any proceed[s] of this loan; [and] plaintiff * * * admits she remitted the proceeds of this loan to Mark Stepanian in the form of a check made payable to him." As a matter of law, these allegations do not afford defendant a means to escape liability for her obligations under the note. General Laws 1956 § 6A–3–116 provides, in pertinent part:

> "**Joint and several liability—Contribution.**—(a) *Except as otherwise provided in the instrument,* two or more persons who have the same liability on an instrument as makers, drawers, acceptors, indorsers who indorse as joint payees, or anomalous indorsers *are jointly*

*and severally liable in the capacity in which they sign."* (Emphases added.) The note does not differentiate between the liability of Stepanian and Thalmann; in particular, both parties signed a note that clearly indicated that "we jointly and severally promise to pay to the order of Kathy Dalo [$20,000, plus] 7% interest."

Even if defendant signed the note as an accommodation party, an accommodation party incurs liability to the holder of the note unless "the signature of a party to an instrument is accompanied by words indicating unambiguously that the party is guaranteeing collection rather than payment of the obligation of another party to the instrument."[5] Section 6A–3–419(d). Such words are not present in the note at issue. By failing to present any evidence that she or Stepanian fulfilled their obligations under the note or that she was entitled to a defense or otherwise excused for nonpayment, defendant failed to establish the existence of an issue of disputed fact, and the hearing justice properly granted summary judgment in favor of plaintiff on the issue of liability.[6]

---

4. Also, on summary judgment, defendant failed to allege or present any evidence that plaintiff knew about the alleged duress or consented to Stepanian applying coercion upon defendant to sign the note. *See* annot. *Validity of contract executed under duress exercised by third person,* 62 A.L.R. 1477, 1481 (1929) (reciting general rule that "in order to avoid a note because of the duress of a third party, the payee must have participated in, consented to, or known of, the duress").

5. General Laws 1956 § 6A–3–419(a) defines an accommodation party as:
> "If an instrument is issued for value given for the benefit of a party to the instrument ('accommodated party') and another party to the instrument ('accommodation party') signs the instrument for the purpose of incurring liability on the instrument without being a direct beneficiary of the value given for the instrument, the instrument is signed by the accommodation party 'for accommodation.'"

Pursuant to § 6A–3–419(e), the principal effect of being characterized as an accommodation party is:
> "An accommodation party who pays the instrument is entitled to reimbursement from the accommodated party and is entitled to enforce the instrument against the accommodated party. An accommodated party who pays the instrument has no right of recourse against, and is not entitled to contribution from, an accommodation party."

This right is immaterial to Dalo's right to collect because an accommodation party "is obliged to pay the instrument in the capacity in which the accommodation party signs." Section 6A–3–419(b).

6. The defendant contends that the hearing justice, when ruling on plaintiff's motion for summary judgment, failed to determine whether there was a material issue of fact presented in the pleadings and did not render a decision solely on the pleadings in this case.

## Jury Trial

 The defendant argues that she was entitled to a jury trial on the issue of damages. Rule 38 of the Superior Court Rules of Civil Procedure preserves the right to a jury trial as declared by article 1, section 15, of the Rhode Island Constitution.[7] *Rowell v. Kaplan*, 103 R.I. 60, 67, 235 A.2d 91, 96 (1967). "[I]t insures that issues which were formerly triable at law as of right to a jury are still triable in that fashion, and that those which * * * were considered equitable shall be triable by the court." *Id.* at 67–68, 235 A.2d at 96. The parties to this action had the right to a jury because, historically, a jury trial has been available for actions brought for damages under a defaulted promissory note. *See, e.g., Hill v. Southwick*, 9 R.I. 299, 300 (1869); *Shaw v. Newell*, 2 R.I. 264, 268 (1852).

 Although the parties sought a jury trial by stipulation, defendant did not object to proceeding without a jury nor did she alert the trial justice to the stipulation of the parties. Rule 39(a) of the Superior Court Rules of Civil Procedure governs the waiver of a jury trial after it has been demanded.[8] Although it is unfortunate that defendant did not bring her demand for a jury trial to the trial justice's attention, she had a right to a jury trial on the sole issue of damages under a defaulted promissory note. This right to a jury trial existed in the absence of a written stipulation or oral statement pursuant to Rule 39. *Blazar v. Perkins*, 463 A.2d 203, 206–07 (R.I.1983) (holding that plaintiff could not unilaterally waive demand for a jury trial). The denial of a jury trial is reversible error. *Van Cala v. Getty*, 770 A.2d 851, 854 (R.I.2001).

 Further, defendant has not waived our review of this issue on appeal by failing to object in the Superior Court. A party waives this Court's review of a denial of a right to a jury trial on appeal by not requesting a jury trial, *Tinney v. Tinney*, 770 A.2d 420, 437 (R.I.2001), or by waiving a jury trial in the manner specified in Rule 39(a). *Hall v. Pryor*, 108 R.I. 711, 715, 279 A.2d 435, 437 (1971). Our conclusion on this issue serves to determine the appeal in this case. However, in light of the fact that we are remanding for a new trial on damages, we shall address the remaining issues defendant raised.

## Amortization Schedule

 The defendant contends that the amortization schedule was admitted without proper authentication. "[T]he admissibility of evidence is within the sound discretion of the trial justice." *Boscia v. Sharples*, 860 A.2d 674, 677 (R.I.2004)

To the extent that these issues are preserved, we need not address these arguments because we conclude that plaintiff was entitled to summary judgment. *See, e.g., Weaver v. American Power Conversion Corp.*, 863 A.2d 193, 201 (R.I.2004) (where defendant entitled to summary judgment, this Court need not reach defendants other contentions on appeal).

7. Article 1, section 15, of the Rhode Island Constitution provides, in pertinent part, "**Trial by jury.**—The right of trial by jury shall remain inviolate."

8. Rule 39 of the Superior Court Rules of Civil Procedure provides, in pertinent part:

"**Trial by jury or by the court.**—(a) *By Jury.* When trial by jury has been demanded as provided in Rule 38, the action shall be designated upon the docket as a jury action. The trial of all issues *so* demanded shall be by jury, unless (1) the parties or their attorneys of record, by written stipulation filed with the court or by an oral stipulation made in open court and entered in the record, consent to trial by the court sitting without a jury or (2) the court upon motion or of its own initiative finds that a right of trial by jury of some or all of those issues does not exist under the constitution or statutes of this state."

(quoting *State v. Grayhurst*, 852 A.2d 491, 504 (R.I.2004)). "[W]hen reviewing such decisions, we will not conclude that a trial justice abused his or her discretion as long as some grounds to support the decision appear in the record." *Id.* (quoting *Grayhurst*, 852 A.2d at 505).

Rule 901(a) of the Rhode Island Rules of Evidence provides that "[t]he requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." Evidence can be authenticated by "[t]estimony that a matter is what it is claimed to be." R.I. R. Evid. 901(b)(1).

 The plaintiff testified that, when the note was executed, Stepanian gave plaintiff a copy of an amortization schedule. At trial, she was presented with a document that she identified as a copy of the amortization schedule that Stepanian had given her. The trial justice was satisfied that the amortization schedule "seem[ed] to be appropriate, relevant and material to this case" and decided to admit it as a full exhibit. The trial justice's decision to admit the amortization schedule was supported by the record.

### Interest Rate

 The defendant argues that the trial justice erroneously awarded interest on the note at a rate of 7 percent interest per annum. "This Court will not disturb the findings of a trial justice sitting without a jury unless such findings are clearly erroneous or unless the trial justice misconceived or overlooked material evidence or unless the decision fails to do substantial justice between the parties." *Macera v. Cerra*, 789 A.2d 890, 892–93 (R.I.2002) (quoting *Harris v. Town of Lincoln*, 668 A.2d 321, 326 (R.I.1995)).

 On its face, the note requires "7% interest." In deciding to award interest at a rate of 7 percent per annum, the trial justice relied on the amortization table, which was based on an interest rate of 7 percent per annum. Also, the defendant testified that her one payment on the note was for $272.68, which equals one monthly payment on a $20,000 debt with an amortization rate set at 7 percent interest per annum over the term of the note. We do not discern any error by this finding.

### Conclusion

For the reasons articulated herein, the judgment appealed from is affirmed in part and reversed in part. We affirm the Superior Court's grant of summary judgment with respect to liability and vacate that portion of the judgment that awarded damages to the plaintiff. We remand this case to the Superior Court for a new trial in accordance with this decision.