DECISION
This matter came before the Court for hearing on plaintiff's motion to strike the jury trial demand contained in defendants' answer. The plaintiff claims that there is no right to a jury trial in this adverse possession action.
 Analysis Dalo v. Thalmann, 878 A.2d 194 (R.I. 2005), provides an example of the Rhode Island Supreme Court's approach to a right to a jury trial determination. In this case, the co-maker of a promissory note, sued by a creditor attempting to collect on the note, argued that she was entitled to a jury on the issue of damages. Id. at 199. The Supreme Court explained:
 Rule 38 of the Superior Court Rules of Civil Procedure preserves the right to a jury trial as declared by article 1, section 15, of the Rhode Island Constitution. "[I]t insures that issues which were formerly triable at law as of right to a jury are still triable in that fashion, and that those which . . . were considered equitable shall be triable by the court." The parties to this action had the right to a jury because, historically, a jury trial has been available for actions brought under a defaulted promissory note." Id. (quoting Rowell v. Kaplan, 103 R.I. 60, 67-68, 235 A.2d 91, 96 (1967)) (citing Hill v. Southwick, 9 R.I. 299, 300 (1869); Shaw v. Newell, 2 R.I. 264, 268 (1852)) (citations omitted) (footnotes omitted). *Page 2 
In FUD's, Inc. v. State, 727 A.2d 692 (R.I.,1999), the Rhode Island Supreme Court analyzed whether a right to a jury existed by determining whether the action was triable by a jury at the time of the adoption of our first State Constitution.
 Pursuant to article 1, section 15, of the Rhode Island Constitution (constitution), "[t]he right of trial by jury shall remain inviolate" in this state. Accordingly, this right is not only immune to any legislative attempt at abolishment or alteration, see Dyer v. Keefe, 97 R.I. 418, 198 A.2d 159 (1964), but it also must remain available to litigants in any type of legal action which was triable before a jury in 1843, the year when Rhode Island's first constitution became effective. That constitution included the same language as is now contained in article 1, section 15, of the current constitution. See Egidio DiPardo Sons, Inc. v. Lauzon, 708 A.2d 165, 171 (R.I. 1998); Bendick v. Cambio, 558 A.2d 941, 943-44 (R.I. 1989).
 In attempting to determine whether a cause of action triggers the right to a jury trial, we generally ask whether the particular cause of action or any analogous claim would have been triable to a jury in 1843. See DiPardo, 708 A.2d at 171-72; see also Bendick, 558 A.2d at 944-45
(citing Tull v. United States, 481 U.S. 412, 107 S.Ct. 1831, 95 L.Ed.2d 365 (1987)) (analogizing the imposition of civil penalties by an administrative agency for the violation of penal statutes to a common-law debt action triable to a jury). We also try to assay whether the type of relief available for the cause of action is legal or equitable. See Bendick, 558 A.2d at 945; see also Tull, 481 U.S. at 417-18, 107 S.Ct. at 1835, 95 L.Ed.2d at 373. Indeed, this available-relief analysis is "`[m]ore important' than finding a precisely analogous common-law cause of action in determining whether" article 1, section 15, mandates the opportunity for a jury trial. Tull, 481 U.S. at 421, 107 S.Ct. at 1837, 95 L.Ed.2d at 375 (quoting Curtis v. Loether, 415 U.S. 189, 196, 94 S.Ct. 1005, 1009, 39 L.Ed.2d 260, 267 (1974)). FUD's, Inc. v. State, 727 A.2d 692, 695 (R.I. 1999).
By 1843, Rhode Island had adopted statutes to allow for transfers of title by adverse possession.[1] Case law illustrates historical cases in which a jury decided the adverse possession issue in the case. One such case is Town of New Shoreham v. Nicholas Ball, 14 R.I. 566, *Page 3 1884 WL 3120 (1884), in which the Rhode Island Supreme Court determined that the trial court had not improperly instructed the jury on adverse possession in an action for ejectment.
Another example is Saunders v. Kenyon, 52 R.I. 221, 159 A. 824 (1932). In this case, the Rhode Island Supreme Court reviewed an action of trespass and ejectment to recover possession of land. The Supreme Court explained, "Defendant filed a plea of the general issue and a special plea setting up title in himself by adverse possession. Plaintiff filed a replication to the special plea in the formula commonly called precludi non, claiming title in himself by adverse possession."Id. at 824. In ruling on an exception to the direction of a verdict for the defendant, the Court mentioned the use of a jury in adverse possession cases, "Where the plaintiff claims under a paper title and by adverse possession, and where the defendant also claims by adverse possession and the evidence as to these matters is conflicting, it is peculiarly a question for the jury and defendant's motion for a directed verdict should be denied." Id. at 825 (citing 19 C.J. 1196).[2]
 Conclusion
Clearly, some of the issues of fact now pending in this action were historically allowed to be tried before a jury in our State. The plaintiff's motion to strike the jury trial demand is denied.
[1] Public Laws of Rhode Island, 1822, p. 363. See e.g. Clarke v.Cross, 2 R.I. 440, 1853 WL 2108, at *5 ("The statute of possessions was enacted in 1711."); Union Savings Bank v. Taber, 13 R.I. 683,1882 WL 3856 at *10 ("The statute was first enacted in 1711. . . .").
[2] Massachusetts has addressed this specific issue directly. InHutchins v. Maloomian, 590 N.E.2d 1171 (Mass.App.Ct. 1992), the Massachusetts Appellate Court rejected a Superior Court judge's decision that a claim of adverse possession was an equitable matter not to be decided by a jury. Id. at 1171. In this case, both the plaintiff and defendants sought a jury trial on the defendant's counterclaim which asserted ownership by adverse possession. Id. The Massachusetts court stated, "Issues arising out of a claim to title by adverse possession present questions of fact . . . and such questions are triable by jury."Id. at 1172 (citing Hill v. Crosby, 2 Pick 466, 467 (1824); Putnam v.Bowker, 11 Cush. 542, 546 (1853); (citations omitted)). *Page 1