CHARLOTTE E. CLEWLEY *vs.* RHODE ISLAND COMPANY.

PROVIDENCE—DECEMBER 3, 1904.

PRESENT: Tillinghast, C. J., Douglas and Dubois, JJ.

(1)  *New Trials.  Review of Judgment of Common Pleas Division.  De-
faulted Cases.  Assessment of Damages.*

After judgment by default and assessment of damages by a single justice, a
    petition for new trial, brought under Gèn. Laws cap. 251, § 6, will not lie.
The Appellate Division has no authority to review a judgment of the Common
    Pleas Division except as provided in section 2 of chapter 251 of the General
    Laws.

TRESPASS ON THE CASE for negligence.  Heard on petition
of defendant for new trial and denied.

PER CURIAM.  The defendant in this case submitted to a
default in the Common Pleas Division February 26, 1904, and
damages were assessed on Saturday, March 19, 1904, by one
of the justices assigned to that division, sitting in chambers.
The defendant now brings to this division a petition for a trial
upon various grounds, all of which are abandoned except the
contention that the damages as assessed are excessive.  In
effect, the defendant asks only for a re-assessment of damages.
(1)     In the case of *Blaisdell* v. *Harvey*, 25 R. I. 572, we expressed
a doubt whether a petition for a new trial could be entertained
in such a case; and a further examination of the statute con-
firms our first impression that this division has no authority
to review a judgment of the Common Pleas Division, except
as provided in section 2 of chapter 251 of the General Laws; but
this petition is brought in the method prescribed in section 6 and
can only be sustained for the causes referred to in section 5 of
that chapter.  The whole scheme of this system of procedure is
to interpose the review of the Appellate Division between the
verdict or the decision of the case and the final judgment;
after final judgment on the merits of the case, no further re-
view is provided.  The only exceptions to this rule are "suits
for flowage caused by mill-dams, or proceedings of like nature,

or proceedings for assessment of damages for taking of property," the latter clause evidently referring to the taking of property by the right of eminent domain. In these exceptional cases an interlocutory judgment precedes the final assessment, and so it was necessary to enumerate them in this section if it were intended that these assessments should be subject to review. In case of default or submission, judgment ensues at once (Gen. Laws, cap. 243, § 5), and there is no longer any issue in the case which can be retried. *Dyson* v. *Rhode Island Company*, 25 R. I. 600. If it had been intended to subject the assessment of damages in a defaulted case to the review of this division it would have been expressed in the statute.

In a similar case the Court of Appeals of New York refused to review the action of the Supreme Court in affirming an asessment of damages in a defaulted case, on the ground that the statute providing for new trials did not apply to an inquest of damages. *Bossout* v. *R. W. & O. R. R. Co.*, 131 N. Y. 37.

Petition dismissed.

*Comstock & Gardner*, for plaintiff.

*Henry W. Hayes, Frank T. Easton, Lefferts S. Hoffman, and Alonzo R. Williams*, for defendant.

