## EDWARD A. KING vs. RHODE ISLAND COMPANY.

### PROVIDENCE—APRIL 19, 1905.

PRESENT: Douglas, C. J., Dubois and Blodgett, JJ.

(1) *Defaulted Cases.   Court in Chambers.   Assessment of Damages.*

The provisions of Gen. Laws cap. 238, § 8, prescribe the manner of proceeding before judgment in unanswered *ipso facto* defaulted cases, while Gen. Laws cap. 243, § 5, relate to the assessment of damages after judgment by default.

The former class of cases go properly to the court in chambers for hearing on motion, which court may, after hearing and judgment, assess damages with or without the intervention of a jury.

In default in answered cases judgment will be entered for the plaintiff as of course, and the case is then ready for assessment of damages without reference to the court in chambers, subject to the discretion of the trial judge whether he will then and there assess damages, with or without a jury, or continue the case until another time or cause the same to be placed on the motion calendar, and no exception lies to the exercise of such discretion.

(1)   PER CURIAM.   When the case at bar was reached, upon the trial calendar of the day to which it had been assigned, after issue joined the defendant, in order to avoid a trial upon the

merits of the action, and to leave open only the question of damages, voluntarily submitted to judgment by default, and the case was continued for assessment of damages. Afterwards the damages were assessed by the court, with the intervention of a jury, under provisions of Gen. Laws R. I. cap. 243, § 5, which reads as follows: "In all cases, except where otherwise provided, if judgment be rendered on default, discontinuance, submission, or demurrer, damages shall be assessed by the court, with or without the intervention of a jury, in the discretion of the court." The defendant objected to such assessment for the reason that it did not conform to the requirements of the statute relative to defaulted cases, and moved that the case be sent to the justice assigned to the Common Pleas Division at his session in chambers, under provisions of chapter 238, section 8, which is of the tenor following: "All motions, and all questions of pleading or practice, not arising in the trial of a case, all demurrers, all defaulted cases, in the Common Pleas Division, shall be heard and disposed of by the justice of said Division at his session in chambers in Providence county: *Provided*, that all such matters arising in any other county may be heard in such other county when the division is sitting therein." The motion was overruled and an exception taken thereto.

The case is now before the court upon the plaintiff's motion to dismiss the defendant's petition for a new trial based upon the illegality of the assessment and an alleged excess of damages in the assessment.

The circumstances of the case indicate that it was not one to which Gen. Laws cap. 238, § 8 should have been applied, but was within the provisions of Gen. Laws cap. 243, § 5. These statutes are clear and consistent. The former prescribes the manner of proceeding before judgment in unanswered *ipso facto* defaulted cases; while the latter relates to the assessment of damages after judgment by default. In cases of default for failure of the defendant to appear and plead, judgment is to be entered after *ex parte* motion, under Gen. Laws cap. 246, § 1, and such cases properly go to the judge in chambers for hearing on the motion. After such hearing and judgment thereon, there is nothing to prevent the judge from making disposal of

the case by assigning the same for assessment of damages by the court, with or without the intervention of a jury, in its discretion. In case of default in answered cases judgment will be entered for the plaintiff of course, and the case is then ready for assessment of damages without reference to the court in chambers. It is, however, wholly within the discretion of the trial judge to determine whether he will then and there assess the damages, with or without a jury, or continue the same until a more convenient time or place, or cause the same to be placed upon the motion calendar, there to be disposed of, and no exception will lie to the exercise of such discretion, under the powers conferred in the proviso in Gen. Laws cap. 224, § 4.

There is no longer any issue in the case which can be retried. *Dyson* v. *Rhode Island Co.*, 25 R. I. 600. And we are without authority to review the assessment of damages in a defaulted case. *Clewley* v. *Rhode Island Co.*, 26 R. I. 485.

Motion to dismiss granted, and case remitted to the Common Pleas Division.

*John W. Hogan*, for plaintiff.

*Henry W. Hayes, Frank T. Easton, Lefferts S. Hoffman, and Alonzo R. Williams*, for defendant.