LANIER F. PETTIS *vs.* CHARLES HENDERSON.
MAGGIE LEE SEWALL *vs.* CHARLES HENDERSON.

JUNE 27, 1960.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

PAOLINO, J. These are two actions of trespass on the case for negligence. They were heard in the superior court on the defendant's motions to vacate the default judgments entered therein and to reinstate the cases for trial for the cause shown by the defendant in the affidavits attached to such motions. The trial justice denied the motions and each case is here on the defendant's exception to such denial.

It appears from the record that on September 2, 1955 plaintiffs were riding as passengers in a motor vehicle which became involved in an accident. As a result of injuries which plaintiffs alleged were caused by the negligence of defendant in operating such vehicle, plaintiffs commenced the instant actions by writs dated July 23 and returnable to the superior court on August 30, 1956.

The officer who was charged with the duty of serving the writs attached a typewritten return over his official signature on both writs in which he stated that on August 20, 1956 he had made service as commanded "by leaving a true and attested copy of same at the last and usual place of abode of within named defendant with some person living there * * *."

The cases were not answered by defendant either personally or by counsel. They were thereafter assigned for disposition to the miscellaneous calendar on April 6, 1959 at which time defendant was called and defaulted. On plaintiffs' motions and after oral proof of claim the trial justice

assessed damages, but continued the cases for entry of judgment to April 8, 1959, when, after further hearing on the question of damages, he entered a judgment by default for each plaintiff against defendant.

On September 23, 1959, under the provisions of general laws 1956, §9-21-2, defendant filed the instant motions to vacate the default judgments and to reinstate the cases for trial. In the affidavits attached to the motions defendant stated that he was never personally served in such actions; that he did not know of the commencement thereof; and that he had never seen the writs. He also stated that he had been informed that a notation on each writ indicated that on August 20, 1956 copies thereof had been left at 322 Pine street in Providence with some person living there; that he did not live at such address on that date; and that he had moved therefrom and in fact was living at 20 Gould street, Providence.

In addition he stated that he had been confined in the adult correctional institutions since October 12, 1956; that he had no notice that the actions were assigned to April 8, 1959 for entry of judgments against him; that he was anxious to defend the cases; and that he could offer a meritorious defense to said actions, both as to liability and damages, if granted an opportunity to do so by the court.

Following a hearing the trial justice filed a rescript denying defendant's motions. He based his ruling on the ground that defendant's bare allegation in each case that he could offer a meritorious defense to the action, both as to liability and damages, was an insufficient statement of such defense. After noting that defendant had advanced no other matter in his motion and affidavit concerning his good faith or a meritorious defense, the trial justice concluded that defendant had failed to satisfy the test set forth in *Nelen* v. *Wells*, 45 R. I. 424, 426.

The pertinent portions of G. L. 1956, §9-21-2, provide: "In case of judgment by default * * * the court entering

the same shall have control over the same for the period of six (6) months after the entry thereof, and may, for cause shown, set aside the same and reinstate the cause, or make new entry and take other proceedings, with proper notice to parties, with or without terms, as it may direct by general rule or special order."

It is well settled that under §9-21-2 a motion to vacate a judgment by default is addressed to the judicial discretion of the court which entered the judgment in the first instance, and that upon review this court will not set aside the action of an inferior court upon such a motion unless it appears that there has been an abuse of discretion or that the decision is based upon an error of law. *Milbury Atlantic Mfg. Co.* v. *Rocky Point Amusement Co.*, 44 R. I. 458, 459. The defendant concedes this to be the rule, but he contends that the decision of the trial justice in the instant actions constitutes an abuse of discretion or is based on an error of law.

The defendant's first contention is that the service of process was improper and that the trial justice therefore erred in refusing to declare the judgments void. He points out that §9-5-26 requires that a writ of summons "shall be served by reading the same to the person to be summoned, or by leaving an attested copy thereof with him, or at his last and usual place of abode with some person living there * * *." He argues that since his allegations in the affidavits stating that the writs were not served at his last and usual place of abode have not been contradicted by other evidence, they must necessarily be taken as true.

He apparently overlooks the fact that the trial justice also had before him the returns of the officer who served the writs indicating proper service. It is reasonable to assume that he relied on such returns. See *N. Angell & Son* v. *Bowler*, 3 R. I. 77. It is also clear that while he recognized, as noted in his decision, that defendant's allegations, if true, would indicate that he was never properly served

with process, the trial justice gave no credibility to such statements. This was clearly a matter within his sound discretion. In the circumstances we cannot say that he committed an error of law in so ruling or that he abused his discretion in concluding that such allegations were not sufficient "cause shown" under §9-21-2 to constitute a meritorious defense entitling defendant to the relief sought.

The defendant's reference to a penciled notation marked "Moved" which appears on the face of each writ cannot help him. There is nothing in the record in either case indicating who made such notation. The trial justice was justified in giving no weight thereto. In view of our conclusion on this issue it is unnecessary to discuss the cases cited by defendant relative to the meaning of the words "last and usual place of abode" as used in the pertinent statute.

We come now to defendant's contention that his mere statement in each case that he "can offer a meritorious defense to the action, both as to liability and damages" is a sufficient statement of a meritorious defense and constitutes "cause shown" within the meaning of §9-21-2. There is no merit in this contention. It is true that the purpose of an affidavit or testimony in cases such as these is to establish that a defendant has a prima facie meritorious defense and not whether he has a defense on which he can ultimately prevail. *Pono* v. *Cataldo,* 89 R. I. 242, 152 A.2d 99. However, a defendant must do more than merely state that he has a defense.

In *Nelen* v. *Wells,* 45 R. I. 424, at page 426, the following language of the court in *Milbury Atlantic Mfg. Co.* v. *Rocky Point Amusement Co.,* 44 R. I. 458, at page 460, was quoted with approval: "We think, however, as has been the practice here, that before relief is granted by that court it should be made to appear that the petitioner has a defence which is *prima facie* meritorious, and which in good faith he desires to present at the trial if one be granted to

him. * * * it was the duty of the Superior Court to determine whether or not the defence urged was frivolous or was one that amounted to a defence in law, and whether or not it was being urged in good faith." It was further stated in the *Nelen* case that "the court in passing upon motions of this nature should not receive evidence for the purpose of determining whether the defense should prevail at a trial."

We are of the opinion that on this issue defendant has failed to show sufficient cause under the statute to entitle him to have the default judgments vacated.

We will now consider defendant's contention that the damages were improperly assessed. Public laws 1958, chapter 61, sec. 2, which became effective on September 1, 1958, amends G. L. 1956, §9-20-2, and provides that "if judgment be rendered on default, * * * damages shall be assessed by the court, with the intervention of a jury unless cause be shown why there should be no intervention of a jury." Prior to such amendment the statute provided that "if judgment be rendered on default, * * * damages shall be assessed by the court, with or without the intervention of a jury, in the discretion of the court."

In our opinion P. L. 1958, chap. 61, sec. 2, is a procedural statute and consequently applies to the instant actions. The language of the amendment clearly indicates that its provisions are mandatory and require the intervention of a jury "unless cause be shown why there should be no intervention of a jury." Under such amendment the authority of the superior court to assess damages in cases provided for therein has been limited. Its power is now conditioned upon a showing of cause "why there should be no intervention of a jury." This necessarily presupposes the existence of facts justifying such nonintervention and a determination by the court, on the basis of such facts, to dispose of the issue one way or the other.

It is not necessary for us to consider at this time what would be sufficient cause within the meaning of said sec-

tion since that issue is not before us. There is nothing in the record or in the transcript of the proceedings before the trial justice who assessed the damages indicating any cause for his failure to call a jury before making such assessment. In the circumstances the assessment of damages in each case was invalid. Therefore we are of the opinion that the judgments to that extent should be vacated.

In each case the defendant's exception is sustained so far as the damages are concerned, and each case is remitted to the superior court with direction to have the damages assessed in accordance with the mandate of public laws 1958, chapter 61, sec. 2.

*Aram A. Arabian, Abedon, Michaelson, & Stanzler, Seymour Posner,* for plaintiffs.

*Worrell & Hodge, Lee A. Worrell,* for defendant.