279 A.2d 435.

ROGER M. HALL *vs.* ROBERT J. PRYOR *et al.*

JULY 15, 1971.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

PAOLINO, J.   On November 10, 1967, the plaintiff brought this action against the defendants, Robert J. Pryor, Robert J. Pryor, Jr., and John Henderson, seeking both compensatory and punitive damages for assault and battery, and, also, damages for the destruction of certain personal property.[1] The defendants, Robert J. Pryor and John Henderson, filed an answer alleging in substance that they were acting in self-defense of themselves and of their property.   Their answer also contained a counterclaim alleging an assault and battery by the plaintiff arising out of the same incident. The defendant, Robert J. Pryor, Jr., filed a separate answer in which he denied the material allegations in the plaintiff's complaint.

On November 17, 1967, plaintiff filed a claim of trial by jury.   After various preliminary proceedings, the parties, on July 8, 1969, appeared at the Washington County Superior Court to answer the call of the jury trial calendar.   On that day stipulations were filed dismissing, with prejudice, the

---

[1] In paragraph 7 of his complaint, plaintiff alleges that "* * * defendants intentionally and maliciously destroyed further personal property of the plaintiff, namely, five moveable floating dock sections."

action as to Robert J. Pryor, Jr., and John Henderson. On the same day a pretrial conference was held in the trial justice's chambers at which all the parties were present. At this conference efforts were made to settle the case against Robert J. Pryor and the parties all agreed, orally, that if a settlement was not reached the claim for jury trial would be waived and the case would proceed to trial before the trial justice as a jury-waived case. The parties failed to reach a settlement and, on the following morning, July 9, 1969, the trial justice proceeded to hear the case, over defendant Robert J. Pryor's objection, as a jury-waived case.

The incident which precipitated this action occurred on the afternoon of August 12, 1967. The evidence indicates a dispute of long standing between the parties as to the ownership of certain real estate in the Avondale section of Westerly. The testimony as to what actually happened is in direct conflict. The plaintiff and his witnesses testified in substance that defendant violently assaulted plaintiff and destroyed certain personal property belonging to him. The plaintiff also presented medical evidence. By agreement of the parties the deposition of a medical doctor who had treated plaintiff was admitted into evidence. The testimony of defendant and of his witnesses was, as we said above, directly contrary to plaintiff's version. The defendant's evidence is in brief that plaintiff assaulted him and that he was acting in defense of himself and of his property.

After the hearing the trial justice filed a written decision in which he carefully reviewed and analyzed the conflicting evidence. He decided for plaintiff on the basis of credibility, saying that plaintiff had by a fair preponderance of the credible evidence proved the essential allegations of his complaint. He said in substance that plaintiff's version appeared to him to be completely truthful. He gave great weight to the testimony of one of plaintiff's witnesses whom the trial justice characterized as an "impartial witness" and

he said he was impressed by the fact "that the injuries complained of would coincide with the altercation as it was described by the plaintiff and his witnesses."

The trial justice said he gave little weight to the testimony of defendant or of his two witnesses and gave his reasons for his conclusion as to their testimony.

With respect to defendant's counterclaim, he found that defendant had failed to establish his claim by a fair preponderance of the credible evidence.

On the basis of the above findings he awarded plaintiff the sum of $2,000 for compensatory damages for the bodily injuries sustained by plaintiff, for pain and suffering, and for the expenses incurred for care and treatment of his injuries. In response to plaintiff's claim for punitive damages the trial justice found as a fact that the attack upon plaintiff was wanton and malicious. Accordingly, he awarded plaintiff $1,000 as punitive damages. In answer to plaintiff's claim for the destruction of five dock sections, on the basis of the evidence before him and after allowing for depreciation, he awarded plaintiff damages in the amount of $300. A judgment for the plaintiff in the sum of $3,300 was entered and defendant thereupon filed a claim of appeal therefrom.

I

We consider first defendant's claim that he was deprived of a trial by jury. In view of what actually transpired at the pretrial conference, this claim is without merit. It is clear without doubt, as is shown by the trial justice's statement[2] and defendant counsel's reply thereto,[3] that the par-

2"The Court: Well, the record should indicate that yesterday this matter was discussed at length in chambers and at that time efforts were made to settle the case and if the case were not settled, a discussion was had on the basis on which to proceed. At that time all parties agreed that the case, that despite claims of jury trial by various parties hereto, these

ties agreed in the trial justice's chambers to proceed to trial without a jury in the event they failed to reach a settlement of this case. No settlement having been reached, the parties appeared in court to proceed with the trial of the case when defendant, through counsel, requested a jury trial, which, as we have previously stated, the trial justice denied because of the agreements made by the parties, including defendant's counsel, to proceed without a jury.

In the peculiar circumstances of this case, since defendant's counsel admitted in open court and specifically "for the record" that the trial justice's statement of what occurred at the pretrial hearing was correct, we shall treat his statement as an oral stipulation made in compliance with Super. R. Civ. P. 39(a):

> "By Jury. When trial by jury has been demanded as provided in Rule 38, the action shall be designated upon the docket as a jury action. The trial of all issues

---

claims for jury trial would be waived in the event that this case went forward. The jury yesterday morning came in at 10:00 o'clock. On the basis of the fact that we were going forward with this case yesterday afternoon with the jury, I had the jury come back at 2:00 o'clock. After conferring with counsel and having their advice as to waiver of jury trial, I proceeded to discharge the jury for this county and there is now no jury impaneled for this county and there will be none until next September or October, depending on when the Superior Court sets the session for Washington County. The counsel for the plaintiff has advised the Court, and we accept his advice at face value, that he has gone to great expense to prepare his case for hearing at this time including bringing witnesses from—a witness at least from Florida, we think it would be an unappropriate imposition on him and his clients to now put this matter off until September when a jury trial could be had. Taking into consideration the fact that an original claim for jury trial was not filed in this matter by this defendant, taking into consideration that this matter is now ready for trial at this time and in view of the circumstances in which the plaintiff finds himself, we think that it would be improper and unfair to not go forward on the basis of a jury waived trial as agreed. Accordingly, the motion for a jury trial is denied."

[3]"Mr. Schreiber: For the record, counsel for the defendant will affirm the statement by the Bench concerning the discussion in chambers and of course requests an exception."

so demanded shall be by jury, unless (1) the parties or their attorneys of record, by written stipulation filed with the court *or by an oral stipulation made in open court and entered in the record, consent to trial by the court sitting without a jury * * *.*" (Emphasis supplied.)

We hold that a valid and binding waiver thereby resulted.

## II

We come now to defendant's contention that the trial justice misconceived the evidence and misapplied the law. We find no merit in either claim. As the court said only recently in *Fishbein* v. *Zexter*, 107 R. I. 672, 270 A.2d 510:

" * * * credibility is for the trial justice in the first instance * * * this court will not disturb findings made by a trial justice by reason of discrepancy in the testimony of the witnesses absent some showing of self-impeachment in the evidence upon which the trial justice relied in reaching those conclusions.

"The appellant on an appeal clearly has the burden in these cases to establish that the trial justice was clearly wrong in that he overlooked or misconceived material evidence on a controlling issue or to point out to this court some inherent improbability in the testimony upon which the trial justice relied." *Id.* at 677-78, 270 A.2d at 512-13.

The facts in this case, though conflicting, are not complex. The plaintiff filed a complaint for an assault and battery and for damages to certain personal property. The defendant denied the charges made by plaintiff. Additionally, defendant set up a claim of self-defense, defense of his property and a counterclaim alleging an assault and battery by plaintiff. The trial justice decided for the plaintiff on the basis of credibility, made express findings of fact, and gave his reasons. We have considered all the arguments made by defendant with respect to the issues raised under this portion of his brief and conclude that he has failed to establish that the trial justice overlooked or misconceived any

material evidence in arriving at his ultimate decision.[4] Nor has defendant established any inherent improbability in the evidence upon which the trial justice relied. After examining the pertinent portions of the transcript we are satisfied that the evidence supports the essential allegations of the complaint and the findings of fact made by the trial justice with respect to all the material issues. Finally, we hold that the trial justice applied the correct law to the facts as found by him.

Judgment affirmed.

*Richard C. Sisco*, for plaintiff.

*Ira L. Schreiber*, for defendant.

---

[4]Under this contention, defendant argues that there exists a lack of proof as to plaintiff's ownership of the dock sections which were destroyed. Specifically, he isolates a single sentence of the decision where the trial justice rejected defendant's argument raising defense of his real or personal property:

"No evidence has been adduced to show that the personal property involved was owned by the plaintiff or that the real property upon which the altercation took place was owned by the defendant."

However, when read in context of the entire decision, including the trial justice's summary of plaintiff's testimony as to "* * * the breaking up of certain dock sections belonging to him and his father," and the trial justice's conclusions and award for the loss of five dock sections, it is obvious that the only reasonable interpretation of the sentence quoted by defendant is that the trial justice intended to have transcribed: "No evidence has been adduced to show that the personal property involved was *not* owned by the plaintiff * * * ." Read as corrected, defendant's argument is wholly without merit.