Sylvia S. **BLAZAR** et al.

v.

Thomas H. **PERKINS** et al.

No. 81–14–Appeal.

Supreme Court of Rhode Island.

Aug. 3, 1983.

Milton Bernstein, Providence, for plaintiffs.

John A. Baglini, John A. McQueeney, Jr., Providence, for defendants.

## OPINION

BEVILACQUA, Chief Justice.

This is a civil action for negligence brought by the plaintiffs, Sylvia S. Blazar and Frederick Blazar, to recover damages for injuries allegedly sustained in an automobile accident. The case was tried before a trial justice of the Superior Court sitting with a jury solely on the issue of damages, and a verdict was returned for the plaintiffs in the amount of $11,000.

On October 5, 1972, in Dorchester, Massachusetts, on Route 3, the Southeast Expressway, a vehicle owned and operated by plaintiff Sylvia Blazar was hit in the rear by a vehicle owned by defendant Star City Glass Company and operated by defendant Thomas Perkins during the course of his employment and with the consent of his employer. As a result of the accident, plaintiff allegedly sustained injuries to various parts of her body.

The defendants initially denied liability and claimed a jury trial on all issues. The matter was assigned to the continuous jury-

trial calendar. Just prior to impaneling the jury, however, defendants admitted liability, leaving the determination of damages as the only issue before the court. The plaintiffs then requested the trial justice to enter judgment against defendants and informed the trial justice that they waived the intervention of a jury on the issue of damages pursuant to G.L.1956 (1969 Reenactment) § 9–20–2. The plaintiffs moved that the issue of damages be tried before the trial justice without a jury.

The trial justice denied plaintiffs' request to enter judgment against defendants, stating that the request was premature because the issue of damages had yet to be determined. As to plaintiffs' waiver of a jury trial on the issue of damages, the trial justice denied the motion, concluding that § 9–20–2 was inapplicable and that defendant had a right to have a jury determine damages.

Subsequently, the issue of damages was tried before a jury, which awarded plaintiff Sylvia Blazar $10,000 for personal injuries, pain and suffering, etc., and plaintiff Frederick Blazar $1,000 for medical expenses. Judgment was then entered. The plaintiffs appeal.

The issues before this court on appeal are (1) whether the trial justice should have entered judgment after defendants admitted liability and (2) whether a plaintiff, when both parties have requested a jury trial, can unilaterally waive a trial by jury when defendant admits liability and the only remaining issue is damages.

## I

The plaintiffs contend that the trial justice should have entered judgment against defendants immediately after defendants admitted liability as a first step in the procedure and subsequently, after a hearing, designated the amount of the judgment. The plaintiffs argue that this two-step procedure is appropriate in a case like this because the admission of liability by defendants concludes one part of the case and the entry of judgment would simply reflect that fact.

The defendants argue that entry of judgment after an admission of liability but before a determination of the amount of damages is improper because, by admitting liability, defendants are not submitting to judgment. They are merely simplifying the issues in order to avoid unnecessary proof and to shorten the trial. The issue of damages was still before the court at this point and therefore, defendants contend, entry of judgment would have been inappropriate and premature. We agree.

■ Rule 58(a) of the Superior Court Rules of Civil Procedure provides that judgment may be entered "upon a general verdict of a jury, or upon a decision by the court that a party shall recover only a sum certain or costs or that all relief shall be denied * * * " or "upon a decision by the court granting other relief, or upon a special verdict or a general verdict accompanied by answers to interrogatories * * *." Therefore, if a writing is to be considered a judgment, it "must clearly evince that it is the final act in the proceeding and an adjudication of the issues involved." *Malinou v. Kiernan,* 105 R.I. 299, 301, 251 A.2d 530, 531–32 (1969).

■ Considering the facts of the instant case in light of these principles, we find that the trial justice did not err in refusing to enter judgment for plaintiffs on defendants' admission of liability prior to a determination on the issue of damages. The conditions under which judgment may be entered pursuant to Rule 58 did not exist at the time plaintiffs requested entry of judgment. There was no jury verdict of any type and no decision by the court regarding recovery of a sum certain, costs, or any damages at all. The issue of damages had not yet been addressed before the court. Therefore, entry of judgment at this point would not be the final act in the proceeding and such an entry could not be considered an adjudication of all the issues involved in the case. The plaintiffs' request was premature. Consequently, we find no error in

the trial justice's refusal to enter judgment prior to a determination on the issue of damages.

## II

The second issue raised by plaintiffs is whether the trial justice erred in refusing to allow plaintiffs to waive a jury trial on the issue of damages and assess damages without the intervention of a jury under the authority of § 9–20–2.

The plaintiffs assert that defendants' admission of liability is the equivalent of either a default or a judgment by submission and that therefore § 9–20–2 applies to the case and allows plaintiffs to waive the intervention of a jury on the determination of damages. The plaintiffs contend that after defendants admitted liability, they should be permitted to waive a jury trial and have the trial justice, sitting alone, make a determination on the issue of damages.

The defendants contend that § 9–20–2 is inapplicable because an admission of liability while still contesting damages is not a judgment by default or submission. Also, defendants point out, once defendants in their answer claim their right to a jury trial on all issues, a jury trial can only be waived with the consent of all parties. Therefore, defendants contend, the trial justice's refusal to allow plaintiffs to waive a jury trial and hear the issue of damages sitting without a jury was proper. We agree.

Section 9–20–2 states:

"In all cases, except where otherwise provided, if judgment be rendered on default, discontinuance, submission or motion, damages shall be assessed by the court, with the intervention of a jury unless cause be shown why there should be no intervention of a jury. The claimant in any case may waive the intervention of a jury."

■ The general rules of statutory construction state that the court must give the words of the statute their plain and ordinary meaning. *Roadway Express Inc. v. Rhode Island Commission for Human Rights,* R.I., 416 A.2d 673 (1980). The words shall be applied literally if the statutory language is clear and unambiguous and conveys a definite and sensible meaning that does not contradict a clear legislative purpose. *Rhode Island Chamber of Commerce v. Hackett,* R.I., 411 A.2d 300 (1980); *Berberian v. Town of Westerly,* 119 R.I. 593, 381 A.2d 1039 (1978).

Section 9–20–2 applies only to cases in which judgment is entered on default, discontinuance, submission, or motion. Moreover, in such a case, damages must still be assessed with the intervention of a jury unless cause is shown why a jury should not be present. The statute does allow waiver of a jury trial on the issue of damages by the claimant. However, in such cases the defendant is generally absent, and this provision merely allows for a more expeditious disposition of the case by allowing the trial justice to assess damages without calling a jury, if the plaintiff so desires.

■ The instant case does not come within the provisions of § 9–20–2. In the instant case, we concluded that judgment could not have been entered at the point immediately after defendants admitted liability. There was no judgment rendered on default or submission or the equivalent of such a judgment. By admitting liability, defendants are not made subject to a default judgment. A default is entered when the opposing party fails to answer and/or appear to plead his case. The defendants answered the case and, after withdrawing their defense to liability, contested the issue of damages which was still open for determination.

The defendants cannot be said to have "submitted" to judgment, which must be for a sum certain, costs, or no recovery, by merely admitting responsibility for the accident. The defendants were still contesting the amount of damages, if any, that plaintiffs should recover.

■ Furthermore, plaintiffs cannot waive a jury trial on the issue of damages when defendants have answered the case,

demanded a trial by jury on all issues, and appeared to defend the case. The right to a trial by jury is provided for in Rule 38 in accordance with art. I, sec. 15, of the Rhode Island Constitution. Once a party demands a trial by jury on all or some of the issues, Rule 39(a) provides that the trial on the issues so demanded shall be by jury unless:

"(1) the parties or their attorneys of record, by written stipulation filed with the court or by an oral stipulation made in open court and entered in the record, consent to trial by the court sitting without a jury * * *."

This rule clearly indicates that once the parties request a jury trial, the consent of *all* parties is required to waive a trial by jury on the issues demanded. *See Hall v. Pryor,* 108 R.I. 711, 279 A.2d 435 (1971) (agreement made in chambers that parties waived jury trial if no settlement was reached which was repeated by trial justice and verified by defense counsel in open court constituted "oral stipulation" in compliance with Rule 39(a)); *Hutson v. Cavicchia,* 53 R.I. 518, 167 A. 531 (1933) (trial justice erred in ruling that plaintiff could waive jury trial without consent of other party after plaintiff demanded jury trial and case was assigned to jury-trial calendar).

 The fact that prior to trial, defendants admitted liability, thereby removing one issue from the consideration of the jury, does not alter the application of this principle. The defendants had demanded a jury trial on all issues. Therefore, pursuant to Rule 39(a), defendants were entitled to a jury trial on the issue of damages, which still remained viable, because there was no oral or written consent to try the issue before a trial justice sitting without a jury.

The cases relied upon by the plaintiffs are inapplicable and do not warrant an exhaustive analysis.[1]

The plaintiffs' appeal is denied and dismissed, the judgment appealed from is affirmed, and the case is remanded to the Superior Court.

---

1. The plaintiffs primarily rely upon three cases: *Clewley v. Rhode Island Company,* 26 R.I. 485, 59 A. 391 (1904); *Dyson v. Rhode Island Co.,* 25 R.I. 600, 57 A. 771 (1904); and *King v. Rhode Island Co.,* 27 R.I. 112, 60 A. 837 (1905). In *Dyson* and *King* the defendants submitted to default, and therefore the predecessor statute to G.L.1956 (1969 Reenactment) § 9-20-2 was applicable. In the instant case, however, there is no default on which judgment has been rendered and consequently § 9-20-2 does not apply. For the same reason, the statement in *Clewley,* in which defendant also submitted to default, that judgment ensues at once in the case of default or submission is irrelevant to this case.

The plaintiffs also refer to the more recent case of *Pettis v. Henderson,* 91 R.I. 191, 162 A.2d 540 (1960). This was an unanswered defaulted case to which § 9-20-2 clearly applied but which has no relevancy here because the instant case was answered and there is no default.