Joanne **BASHFORTH**

v.

John **ZAMPINI and Peck Leasing, Inc.**

No. 89–258–M.P.

Supreme Court of Rhode Island.

June 18, 1990.

Frederick A. Costello, Lynch, McKiernan & Costello, Warwick, for plaintiff.

Charles P. Cavas, Hodosh, Spinella & Angelone, Justin T. Shay, Cameron & Mittleman, William A. Poore, Hodosh, Spinella & Angelone, Providence, for defendants.

## OPINION

KELLEHER, Justice.

This matter is before this court pursuant to our grant of a petition for a writ of certiorari. This litigation involves an automobile collision that occurred on Warwick Avenue in the city of Warwick in November 1984. The pertinent facts set forth below are undisputed.

In March 1987 respondent/plaintiff, Joanne Bashforth, filed a complaint in the Superior Court against petitioners/defendants, John Zampini (Zampini) and Peck Leasing, Inc. (Peck). (Hereafter we shall refer to the parties by their names or as plaintiff and defendants for purposes of clarity.) The defendants were served on or about April 3, 1987. The plaintiff alleged in her complaint that Zampini, who was operating a tractor-trailer owned by Peck, negligently struck plaintiff's vehicle and that she sustained serious injuries as a result.

Both defendants failed to provide a timely answer to plaintiff's complaint, and an entry of default was filed in May 1987. The defendants moved to set aside the entry of default, and argument was heard by a Superior Court justice in July 1987. The trial justice denied defendants' motion to set aside the default. The defendants then appealed the trial justice's ruling to this court. In April 1988 we remanded the matter to the Superior Court for a hearing pursuant to Rule 55(c) of the Superior Court Rules of Civil Procedure.

Upon remand in August 1988 the trial justice once again denied defendants' motion to set aside the entry of default. The defendants subsequently appealed to this court. At that time we summarily affirmed the trial justice's denial of defendants' motion to vacate the default.

In April 1989 defendants filed notices of the taking of a deposition directed to plaintiff and the keeper of records of Kent County Memorial Hospital. The defendants also propounded interrogatories and

requests for production. The plaintiff thereafter filed an objection to defendants' requests and a motion for a protective order. In May 1989 a Superior Court justice granted plaintiff's motion for a protective order precluding defendant from taking her deposition and propounding interrogatories on the basis that defendants' requests for discovery were not filed in a timely fashion. This ruling is the subject of the present appeal.

This controversy raises two separate issues: (1) whether defaulted defendants are entitled to pursue discovery as a matter of law and (2) if some right to discovery exists, whether the trial justice abused his discretion in granting plaintiff's motion for a protective order.

We shall first address the question of whether defaulted defendants are entitled to pursue discovery. Initially we must emphasize that this issue is one of first impression in this jurisdiction. A resolution of this issue requires an analysis of the pertinent statutory provisions and rules of civil procedure. Rule 55(b)(2) of the Superior Court Rules of Civil Procedure provides in relevant part:

> "If the party against whom judgment by default is sought has appeared in the action, the party * * * shall be served with written notice of the application for judgment at least three (3) days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by statute."

Additionally G.L.1956 (1985 Reenactment) § 9–20–2 provides:

> "Assessment of damages on default or submission.—In all cases, except where otherwise provided, if judgment be rendered on default, discontinuance, submission or motion, damages shall be assessed by the court, with the intervention of a jury unless cause be shown why there should be no intervention of a jury. The claimant in any case may waive the intervention of a jury."

The plaintiff contends that pursuant to Rule 55(b)(2), a defaulted defendant retains only the right to three days' notice prior to the hearing and the right to participate in the proof-of-claim hearing. The plaintiff argues that defendants are afforded no other rights. On the contrary, defendants assert, despite their default on the issue of liability, they are entitled to full participation at the hearing on the issue of damages. The defendants maintain that full participation includes the propoundment of discovery. Furthermore defendants argue that plaintiff's claim for damages necessitates discovery to ascertain whether plaintiff's medical treatment is causally related to the incident at issue, to clarify the issue of wage loss, and to prepare an adequate defense.

It is undisputed that defendants in this litigation failed to answer plaintiff's complaint in a timely fashion. In *Blazar v. Perkins*, 463 A.2d 203, 206 (R.I.1983), this court recognized, "A default is entered when the opposing party fails to answer and/or appear to plead his case."[1] Almost a century ago, in *Johnson v. Hoxsie*, 19 R.I. 703, 703, 36 A. 720, 720 (1897), this court observed, "It has always been the practice to permit a defendant to be heard on the assessment of damages in a defaulted case." The determinative question in this litigation concerns the extent of a defaulted defendant's rights with regard to this hearing.

The plaintiff refers us to a number of this court's decisions in support of her contention that a defaulted defendant's rights

1. In *Blazar v. Perkins*, 463 A.2d 203, 206 (R.I. 1983), this court acknowledged a distinction between an admission of liability prior to trial and an entry of default. We determined that G.L. 1956 (1969 Reenactment) § 9–20–2 was inapplicable when the defendants had admitted liability.

are restricted to three days' notice and an opportunity to participate in a proof-of-claim hearing. *See, e.g., Medeiros v. Hilton Homes, Inc.*, 122 R.I. 406, 408 A.2d 598 (1979); *Clewley v. Rhode Island Co.*, 26 R.I. 485, 59 A. 391 (1904); *Dyson v. Rhode Island Co.*, 25 R.I. 600, 57 A. 771 (1904). Although these cases reaffirm the principle that adherence to the three-days'-notice rule is mandatory, they do not address the question of whether defaulted defendants are afforded any additional rights. In fact we find no controlling authority to support plaintiff's position that defaulted defendants are entitled to no other rights.

■ Because Rule 55 is modeled substantially upon the Federal Rules of Civil Procedure, we shall look to Fed.R.Civ.P. 55(b)(2) for guidance. It is well established that a default does not concede the amount of damages. Although the factual allegations of a complaint will be taken as true upon default, those allegations relating to the amount of damages suffered generally are not. *Dundee Cement Co. v. Howard Pipe & Concrete Products, Inc.*, 722 F.2d 1319, 1323 (7th Cir.1983); *see Pope v. United States*, 323 U.S. 1, 65 S.Ct. 16, 89 L.Ed. 3 (1944); *Geddes v. United Financial Group*, 559 F.2d 557 (9th Cir.1977).

■ Furthermore it has been recognized that a default judgment may not be entered without a hearing on damages unless the amount claimed is liquidated or ascertainable from definite figures contained in documentary evidence or detailed affidavits. *Dundee Cement Co.*, 722 F.2d at 1323. "While a default judgment constitutes an admission of liability, the quantum of damages remains to be established by proof unless the amount is liquidated or susceptible of mathematical computation." *Flaks v. Koegel*, 504 F.2d 702, 707 (2d Cir.1974).

■ It has also been held that this hearing is the same as any other trial except that it is limited to the question of damages. In *Peitzman v. City of Illmo*, 141 F.2d 956, 962 (8th Cir.), *cert. denied*, 323 U.S. 718, 65 S.Ct. 47, 89 L.Ed. 577 (1944), the court determined, "On a hearing on the question of damages, under Rule 55(b) a defendant, though in default, is in court on a hearing limited to the question of the amount of damages, to the same extent that he is in court in a trial on the merits."

■ Although the Federal courts have not specifically addressed whether a defaulted defendant is entitled to pursue discovery, they have emphasized a defaulted defendant's rights to full participation in the hearing with regard to damages. It is our opinion that defendants must be permitted to engage in the discovery process in order effectively to protect their rights at this hearing.[2] We believe that the opportunity for discovery is essential in this controversy to determine whether plaintiff's extensive medical treatments are causally related to this incident and to ascertain a reasonable figure for loss of wages from sales commissions. It is our belief that this ruling is consistent with the spirit of Rule 55 and its Federal counterpart.

We subscribe to the court's reasoning in *Dungan v. Superior Court*, 20 Ariz.App. 289, 290, 512 P.2d 52, 53 (1973), that "[s]ince we are committed to an adversary system of justice we do not construe this rule [Rule 55(b)(2)] to mean that a 'hearing' ipso facto means a one-sided presentation by the party seeking the default judgment." In *Dungan* the court determined that the defaulted defendants in a personal-injury action were entitled to have their motion for a continuance considered when their motion was based on an inadequate opportunity for discovery concerning the plaintiff's injuries and the amount of the plaintiff's claimed damages. *Id.* at 291, 512 P.2d at 54. The court also expressed:

> "We are of the opinion that in personal injury litigation, a court, in order to get assistance in evaluating a plaintiff's claim to judgment, should exercise its discretion in favor of allowing a defen-

---

2. We acknowledge that pursuant to G.L.1956 (1985 Reenactment) § 9–20–2, the right to have a jury assess damages in a default case rests with the nondefaulting party. *Marks v. D.A. Davis Construction Corp.*, 536 A.2d 883, 886 (R.I. 1988).

dant to cross-examine and even present counterproof. In determining the extent to which counsel for a defaulting party may participate, a court may well ask itself: Can counsel for the defaulting defendant make any material contribution in aiding the trier of fact in the search for truth?" *Id.*

■ We now turn to the issue of whether the trial justice abused his discretion in granting plaintiff's motion for a protective order. The defendants argue that the protective order entered by the trial justice was not based on the need for protection of a party or witness, as required by Super. R. Civ. P. 30(b). The defendants further contend that after the dismissal of the second appeal, the issues in the case were clarified, and defendants attempted to advance discovery within a reasonable time. They maintain that there was no attempt to delay the trial or harass any of the parties involved, and therefore, the protective order constituted an abuse of discretion. The plaintiff argues that even if defendants are entitled to advance discovery, they were untimely in filing. Consequently, she contends, the protective order was not an abuse of judicial discretion. She also asserts that the pending appeals to this court did not preclude defendants from commencing discovery.

Rule 30(b)(1) permits a trial justice to "make any other order which justice requires to protect the party or witness from annoyance, undue expense, embarrassment, or oppression." Rule 30(b)(1) further provides that "[t]he power of the court under this rule shall be exercised with liberality toward the accomplishment of its purpose to protect parties and witnesses." Neither the Superior Court Rules of Civil Procedure nor the Federal Rules of Civil Procedure impose specific time limits on the advancement of discovery.

Federal courts have held that a trial court has " 'broad discretion' in its handling of discovery, and its decision to allow or deny discovery is reviewable only for abuse of discretion." *Brune v. Internal Revenue Service,* 861 F.2d 1284, 1288 (D.C. Cir.1988) (citing *In re Multi–Piece Rim*

*Products Liability Litigation,* 653 F.2d 671, 679 (D.C.Cir.1981)). This court agrees that this standard is the appropriate standard to be applied in the instant dispute. However, we believe that in this case the trial justice abused his discretion in granting the protective order.

The record indicates that the protective order entered by the trial justice was not based on the protection of parties or witnesses but instead focused on the timeliness of defendants' inquiry. Although we recognize that parties and witnesses need to be protected from undue delay, we do not believe the situation before us presents such a case. A significant portion of time in this litigation has been spent on appeals to this court. The plaintiff contends that this case had been pending in the Superior Court for a period of five months, between April and August of 1988, and discovery should have been initiated at that time. We are not persuaded, however, that defendants should be precluded from discovery because they did not pursue it upon remand from this court. Although we agree with plaintiff that the mere fact that an appeal is pending before this court does not preclude defendants from commencing discovery, we do not believe that defendants in this instance were required to advance discovery at that time or forfeit their right to do so. Accordingly, we find that the trial justice abused his discretion in granting plaintiff's motion for a protective order.

We believe the trial justice's ruling is contrary to the policy expressed in Rule 26, which adopts a liberal approach in determining when discovery may be advanced. Our discovery rules are designed to clarify the scope of the issues involved in litigation and to facilitate effective preparation for trial. In the case at bar it was unclear until April 1989, when the defendants' second appeal of the entry of default was dismissed, whether the defendants' discovery would be limited to the issue of damages or include the issue of liability. Consequently it is our opinion that the trial justice's ruling violated the spirit of the rules as expressed in Rule 1, "to secure the

just, speedy, and inexpensive determination of every action."

Accordingly the defendants' petition for certiorari is granted, the trial justice's grant of a protective order is quashed, and the matter is remanded to the Superior Court for further proceedings in accordance with this opinion.