April 29, 2024

**Supreme Court**

No. 2023-69-Appeal.
(PM 20-213)

Ponagansett 2 LLC, d/b/a Peter Bibby    :
    Heating & Air

    v.                          :

Eleticia Garcia et al.              :

NOTICE:   This opinion is subject to formal revision before publication in the Rhode Island Reporter.  Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone (401) 222-3258 or Email opinionanalyst@courts.ri.gov, of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Ponagansett 2 LLC, d/b/a Peter Bibby  :
Heating & Air

v.                              :

Eleticia Garcia et al.                :

Present: Suttell, C.J., Goldberg, Robinson, and Long, JJ.

## O P I N I O N

**Chief Justice Suttell, for the Court.**  The defendant, Eleticia Garcia, appeals from a Superior Court judgment by default in favor of the plaintiff, Ponagansett 2 LLC, d/b/a Peter Bibby Heating & Air, to enforce a mechanics' lien against the defendant and for attorneys' fees.  This case came before the Supreme Court pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided.  After considering the parties' written and oral submissions and reviewing the record, we conclude that cause has not been shown and that this case may be decided without further briefing or argument.  For the reasons set forth in this opinion, we affirm the judgment of the Superior Court.

# I

## Facts and Travel

In September 2019, defendant hired plaintiff to perform mechanical work on her property at 216-218 Adelaide Avenue, Providence, Rhode Island. The parties executed two contracts: one covering the installation of gas lines, water heaters, and boilers, for a sum of $10,531; and another for the installation of baseboards, for a sum of $10,000. The amount due under each contract was to be paid in monthly installments following an initial deposit of $2,000.

The plaintiff alleged in a signed affidavit that he received three payments from defendant, two of which were successful.[1] The first was a check for $2,000, which, according to plaintiff, defendant gave him on September 13, 2019, but asked that he not deposit for two weeks. When plaintiff deposited the check on October 17, 2019, however, he claims that it was returned for non-sufficient funds. He received a second payment—a check for $900—on October 2, 2019, and he received a third payment of $1,100 sometime thereafter.

The following month, plaintiff mailed a notice of intention to claim a mechanics' lien, which was filed and recorded on December 2, 2019. Then, on

---

[1] When the Court refers to "plaintiff," we mean either Ponagansett 2 LLC, d/b/a Peter Bibby Heating & Air, which is the captioned party, or Peter Bibby, its principal. For ease of reading, we use masculine personal pronouns for all references to plaintiff.

January 9, 2020, plaintiff filed a complaint in Superior Court to enforce a mechanics' lien in the amount of $20,000, plus interest. The defendant, however, did not respond to the complaint, even though she was served with a summons and a mechanics' lien citation. The plaintiff therefore moved for entry of default against defendant, and a clerk of the Superior Court entered default on February 14, 2020.[2]

More than a year later, on July 8, 2021, counsel for defendant entered an appearance and thereafter filed motions to vacate the entry of default, to file a counterclaim out of time, to quash the mechanics' lien, and to file an oral proof of claim. The Superior Court denied not only the motion to vacate and a subsequent motion to reconsider that decision, but also the motion to file a counterclaim out of time, the motion to quash the mechanics' lien (without prejudice), and the motion to file an oral proof of claim.

On December 3, 2021, plaintiff filed a motion for entry of default judgment against defendant and a petition for attorneys' fees—with supporting affidavits— pursuant to G.L. 1956 § 9-1-45(2), which provides that a "court may award a reasonable attorney's fee to the prevailing party in any civil action arising from a breach of contract in which the court * * * [r]enders a default judgment against the losing party." In addition to filing objections to plaintiff's motion and petition,

---

[2] Defaults were entered against both defendant and Kareral Multi Service, LLC, which is also a named defendant in plaintiff's complaint.

defendant filed a second motion to quash the mechanics' lien. After a hearing on May 3, 2022, the Superior Court found "that an evidentiary hearing [was] necessary for the entry of [default] judgment" and therefore denied plaintiff's motion without prejudice. The Superior Court also denied defendant's motion to quash the mechanics' lien.

The parties came before the Superior Court on December 14, 2022, for a hearing to determine the amount of plaintiff's damages. Both contracts were entered as exhibits, along with invoices (dated October 8, October 11, and November 15, 2019) for additional service work outside of the contracts, which, according to plaintiff, was necessary for obtaining a final inspection on the work he had performed under the contracts. The plaintiff further testified that his work passed a "partial inspection" (i.e., a "gas test") and that, although "[t]he job was completed," he never sought a final inspection. He testified that, instead of seeking a final inspection, he "walked off the job" because "[defendant] gave [him] a bad check * * *." On cross-examination, plaintiff indicated that he notified the City of Providence about "issues on the job," and he also acknowledged that he had agreed to notify the city upon completing the work. As for plaintiff's petition for attorneys' fees, the hearing justice took "judicial notice" of plaintiff's fee agreement with his attorney and the affidavits of two other attorneys regarding the reasonableness of that agreement.

After plaintiff testified, defendant argued that plaintiff could not enforce the mechanics' lien because neither contract provided notice of a possible mechanics' lien as required by G.L. 1956 § 34-28-4.1. Counsel for plaintiff responded that, "[i]f we were not here on an evidentiary hearing on damages, [defendant] might have a point, but all of the defenses have been waived. It's under default." The hearing justice agreed. "The only matter before the [c]ourt," he explained, was an evidentiary hearing to determine the amount of plaintiff's damages. The defendant next called Bert Ferragamo and John Ryan, mechanical inspectors for the City of Providence. Ferragamo testified that he performed a "rough inspection" of defendant's property on September 23, 2019. (This is the same inspection to which plaintiff referred as the "partial inspection" or "gas test.") According to Ferragamo, although the work that plaintiff had performed on defendant's property (as of September 23, 2019) passed the rough inspection, the "job wasn't completed" at that time and the inspection "wasn't a final inspection."

As for Ryan, he was shown and he identified a mechanical permit, dated December 14, 2021, which a contractor named Ramon Sosa took out for defendant's property. Ryan read from the permit, which specified the work that Sosa was to perform on the property, including the installation of "boilers," "baseboard," "gas pipes," and other materials. He agreed that the permit was "a record that is kept in the" Providence Department of Inspections and Standards, and he further testified

that he conducted a final inspection of defendant's property on Monday, December 12, 2022, at which time the work involving the boilers, water heaters, piping, and ductwork had been completed. The defendant did not, however, call Sosa to testify. Furthermore, on cross-examination, Ryan admitted that he did not know what might have happened at defendant's property in the time between the partial inspection on September 23, 2019, and December 14, 2021, when Sosa took out the mechanical permit, nor, for that matter, between the latter date and December 2022, when Ryan conducted the final inspection. Ryan therefore conceded that he had no evidence "that the system was [not] running when [plaintiff] left the job in 2019 * * *." Following this exchange, defendant attempted to introduce the December 14, 2021 mechanical permit in full, but when plaintiff objected to its admission on the ground that it was irrelevant, the hearing justice said that he "tend[ed] to agree" with plaintiff and that he would "allow it."[3]

In a bench decision, the hearing justice found that it was "clear that [plaintiff] had two contracts with [defendant] for the work" on her property and that the invoices for the additional service work outside of the contracts "were fair and reasonable." The hearing justice also considered the testimony of Ferragamo and

---

[3] Reading the transcript, it is not clear whether the hearing justice intended to admit or exclude the mechanical permit as a full exhibit. This opinion proceeds, however, as if the hearing justice intended, and the parties understood, the mechanical permit to be excluded.

Ryan; in particular, he noted that, contrary to "usual procedure," plaintiff did not call the City of Providence "to take [his] name off the permit" or to conduct a final inspection. That said, "[a]fter hearing everything * * * and knowing we're not rehearing the underlying case," the hearing justice stated that he would nevertheless "allow the enforcement of the mechanics['] lien and also approve the award of attorneys' fees."

The Superior Court entered final judgment in favor of plaintiff on January 4, 2023. In addition to granting plaintiff's request to enforce the mechanics' lien, the judgment awarded plaintiff $20,000, plus interest from November 26, 2019, and attorneys' fees of $12,310.27. The defendant filed a timely notice of appeal on January 11, 2023.[4]

## II

## Standard of Review

"This Court 'will not disturb the factual findings made by a trial justice sitting without a jury unless such findings are clearly erroneous or unless the trial justice misconceived or overlooked material evidence.'" *Andrews v. Lombardi*, 233 A.3d

---

[4] The defendant, who was represented by counsel in Superior Court, filed a prebriefing statement, *pro se*, purportedly on behalf of herself and Kareral Multi Service, LLC. Court records, however, indicate that only one notice of appeal was filed, and only one filing fee was paid. Moreover, as a non-lawyer, defendant is not permitted to represent another party. *See Mendes v. Kirshenbaum & Kirshenbaum Attorneys at Law, Inc.*, 309 A.3d 1176, 1179 n.3 (R.I. 2024). Consequently, defendant Eleticia Garcia is the only defendant properly before this Court.

1027, 1033 (R.I. 2020) (quoting *Cranston Police Retirees Action Committee v. City of Cranston*, 208 A.3d 557, 571 (R.I. 2019)). "When the record indicates that competent evidence supports the trial justice's findings, we shall not substitute our view of the evidence for his or hers even though a contrary conclusion could have been reached." *Id.* (quoting *Gregoire v. Baird Properties, LLC*, 138 A.3d 182, 191 (R.I. 2016)).

## III

## Discussion

The defendant argues on appeal that the mechanics' lien is unenforceable because plaintiff failed to provide notice of a possible mechanics' lien as required by § 34-28-4.1. She also contends that the decisions of the hearing justice to award plaintiff "the full payment of the $20,000" and exclude the admission of the December 14, 2021 mechanical permit as a full exhibit were reversible errors.

We are unable to consider defendant's first argument because the Superior Court has already entered default in plaintiff's favor. The plaintiff filed his complaint seeking to enforce the mechanics' lien on January 9, 2020. In a Superior Court summons that defendant received—along with plaintiff's mechanics' lien citation—on January 20, 2020, defendant was advised in clear terms that, if she failed to answer plaintiff's complaint within the time required under law, "judgment by default [would] be taken against [her] for the relief demanded in the complaint."

For reasons unclear to this Court,[5] defendant failed to answer plaintiff's complaint and therefore waived in Superior Court (and this Court) any arguments that the mechanics' lien was unenforceable.

This outcome, however unwelcome it may be to defendant, is what our law requires. According to Rule 12(h) of the Superior Court Rules of Civil Procedure, "[a] party waives all defenses and objections which the party does not present either by motion * * * or, if the party has made no motion, in the party's answer or reply," that is, unless one of two exceptions applies, neither of which is at issue here. Furthermore, as this Court has noted, "[t]he failure to raise an affirmative defense in a timely manner constitutes a waiver of that defense," and "[f]ailing to plead or answer bespeaks an implied concession that the party is liable, or perhaps an indifference to the outcome of the litigation." *Calise v. Hidden Valley Condominium Association, Inc.*, 773 A.2d 834, 838 (R.I. 2001). Had defendant timely responded to plaintiff's complaint, not only could she have properly argued in Superior Court that the mechanics' lien was unenforceable, but also, had she made that argument, she could have preserved the argument for appellate review. Because defendant did not timely respond to the complaint, however, she has waived the argument, and we may not consider it on appeal.

---

[5] The transcript of the hearing on defendant's motion to vacate entry of default is not part of the record on appeal.

We now turn to defendant's other argument on appeal.[6] "Although 'a default does not concede the amount of damages, the factual allegations of a complaint will be taken as true upon default.'" *Calise*, 773 A.2d at 838 (brackets and deletion omitted) (quoting *Bashforth v. Zampini*, 576 A.2d 1197, 1200 (R.I. 1990)). Therefore, in the event of default, a defendant is "in a position of having admitted each and every material allegation of the * * * complaint except as to the amount of damages" that the plaintiff suffered. *Id.* (quoting *Kalamazoo Oil Co. v. Boerman*, 618 N.W.2d 66, 72 (Mich. Ct. App. 2000)).

We are satisfied that the hearing justice did not err in awarding the full amount prayed for in the complaint. While defendant insists that plaintiff did not complete the work that he claims he did, she offered no witness testimony—including her own or that of Ramon Sosa, the contractor who took out the December 14, 2021 mechanical permit—to support this argument.

On appeal, defendant's basic contention is that, if plaintiff had in fact completed the work on her property, then he would have had no reason not to seek a final inspection. She further contends that "[i]t defies common sense and logic" to believe that plaintiff would complete all the work contemplated under the

---

[6] At oral argument, defendant contended that the charges in the two contracts were duplicative and therefore plaintiff was not entitled to the full amount of damages prayed for in his complaint. Because defendant did not raise this argument in Superior Court, it has been waived according to our well-settled raise-or-waive rule. *See Donnelly Real Estate, LLC v. John Crane Inc.*, 291 A.3d 987, 994 (R.I. 2023).

contracts and invoices after receiving only $2,000 from defendant. The defendant's first contention raises an intriguing question, to be sure. That question, however, is one the hearing justice considered and, even if it supported a conclusion that plaintiff did not complete the job, the record nevertheless contains competent evidence to support the conclusion that he did. *See Andrews*, 233 A.3d at 1033.

Moreover, because defendant had been defaulted, she was unable to challenge the material allegations of plaintiff's complaint, i.e., that he completed the job. *See Calise*, 773 A.2d at 838. Rather, in her position, having conceded by virtue of default that the work reflected in the contracts and invoices had been performed in full, all that defendant could do was argue that plaintiff's resulting damages did not amount to $20,000. Although "a default judgment constitutes an admission of liability, the quantum of damages remains to be established by proof at the hearing unless the amount is liquidated or susceptible of mathematical computation. * * * Such a hearing 'is limited to the question of damages.'" *Id.* (brackets and emphasis omitted) (quoting *Bashforth*, 576 A.2d at 1200).

For the reasons stated above, the hearing justice did not err when he sustained plaintiff's objection to the admission of the December 14, 2021 mechanical permit as a full exhibit. According to defendant, if the work for which she had hired plaintiff had in fact been completed, then she would not have hired Sosa, and he would not have taken out a mechanical permit. Because defendant could not

- 11 -

challenge the material allegations of plaintiff's complaint, however, the permit could not be used for that purpose. Therefore, even if the hearing justice had not allowed the permit to be read into evidence, he would not have committed reversible error.

As for the defendant's second contention, it is true that each contract provides for incremental payments following an initial deposit. That does not mean, however, that just as the defendant would pay in monthly installments, so too would the plaintiff complete his work. In other words, it was reasonable for the hearing justice, given the evidence before him, to find that the plaintiff completed all the work reflected in the contracts and invoices even though the defendant failed to uphold her end of the bargain. And again, in any event, because the defendant had been defaulted, and because the factual allegations in the plaintiff's complaint were therefore to be taken as true, *see Calise*, 773 A.2d at 838, the only issue before the Superior Court was the amount of the plaintiff's damages, not whether he completed the job. Accordingly, because the defendant has not shown that the hearing justice either made findings that were clearly erroneous or otherwise misconceived or overlooked material evidence, we will not disturb the findings of the hearing justice on appeal.

## IV

## Conclusion

For the foregoing reasons, the judgment of the Superior Court is affirmed. The papers in this case may be remanded to the Superior Court.

Justice Lynch Prata did not participate.

# STATE OF RHODE ISLAND

## SUPREME COURT – CLERK'S OFFICE
Licht Judicial Complex
250 Benefit Street
Providence, RI  02903



## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | Ponagansett 2 LLC, d/b/a Peter Bibby Heating & Air v. Eleticia Garcia et al. |
| **Case Number** | No. 2023-69-Appeal. (PM 20-213) |
| **Date Opinion Filed** | April 29, 2024 |
| **Justices** | Suttell, C.J., Goldberg, Robinson, and Long, JJ. |
| **Written By** | Chief Justice Paul A. Suttell |
| **Source of Appeal** | Providence County Superior Court |
| **Judicial Officer from Lower Court** | Associate Justice R. David Cruise |
| **Attorney(s) on Appeal** | For Plaintiff: <br><br> Gerard M. Decelles, Esq. |
| | For Defendant: <br><br> Eleticia Garcia, *pro se* |